## S. B. PHILLIPS v. WESTERN UNION TELEGRAPH COMPANY.

### No. 1119. Decided June 23, 1902.

1.—Telegraph—Notice of Claim—Suit as Notice.

The sender of a telegram having agreed that the company should "not be liable for damages in any case where the claim is not presented in writing within ninety days," etc., this was complied with by filing suit and having citation served within such time. (Pp. 641-643.)

2.—Same—Contracts Distinguished.

Such contract is distinguishable from those under which no right to sue can arise until the notice provided for has been given, since it merely provides for terminating liability in the event notice is not given. (P. 643.)

3.—Contract for Notice—Purpose.

The apparent purpose of the stipulation requiring notice of plaintiff's claim for damages within a given time, was to give opportunity for the preservation

of evidence which might be lost; it could not be securing time to prepare for defense, since suit might follow at once after service of the notice; and for such purpose suit within the stipulated time answered all the requirements. (Pp. 643, 644.)

Questions certified from the Court of Civil Appeals for the Fifth District, in an appeal from Collin County.

*Garnett & Smith,* for appellant.—Under question number 1 we submit the following propositions:

1. Filing the suit and serving the company with citation is a sufficient compliance with the contract. Telegraph Co. v. Karr, 5 Texas Civ. App., 61; Telegraph Co. v. Piner, 9 Texas Civ. App., 154; Thomp. on Elec., sec. 256; 2 Shearm, & Redf. on Neg., 5 ed., sec. 554; Joyce on Elec. Law, sec. 723; Telegraph Co. v. Henderson, 89 Ala., 510; Telegraph Co. v. Trumbull, 1 Ind. App., 121; Sherrill v. Telegraph Co., 109 N. C., 532.

2. The condition in question does not provide that no action shall be brought until after the claim shall be served, and the filing of the suit and service of the citation setting out the facts is a sufficient claim. 2 Shearm. & Redf. on Neg., 5 ed., sec. 554; Telegraph Co. v. Trumbull, 1 Ind. App., 121; Thomp. on Elec., sec. 256.

3. The condition on the telegraph blank merely says "where the claim is not presented in writing," and the citation setting out the claim is sufficient; there is no intimation in it that the serving of such claim shall be a condition precedent to the right to sue. 4 Joyce on Ins., sec. 3288; Telegraph Co. v. Kinsley, 8 Texas Civ. App., 530.

4. Where the contract is in writing and admits of two constructions, that one is to be adopted which is least favorable to the party whose language it is  The condition in question is printed upon the form gotten up by the appellee, and even if the same admits of the construction that it was intended to mean a condition precedent, it unquestionably admits of the construction contended for by appellant, and will be so construed. Manufacturing Co. v. Railway, 89 Texas, 425; Insurance Co. v. McConkey, 127 U. S., 661-668; 11 Rose's Notes U. S. Reports, 602; Bank v. Insurance Co., 5 Otto, 673-679; 9 Rose's Notes U. S. Reports, 321; Surety Co. v. Pauley, 170 U. S., 144; Bills v. Insurance Co., 87 Texas, 551; Insurance Co. v. Kearney, 180 U. S., 132.

We submit, with all due respect, that the reason given by the Court of Civil Appeals in Telegraph Company v. Ferguson, 27 Southwestern Reporter, 1048, why the filing of the suit and service of the citation upon the company is not a sufficient compliance with the contract is neither sufficient nor satisfactory, and that the case is not well considered. The court say "that the company is entitled to such notice in order that they may investigate the claim while it is fresh within the recollection of those that have knowledge concerning such matters, in order that if the claim is just and meritorious it may be settled without being harassed with suit;" citing Telegraph Company v. Raines, 63

Texas, 28, etc. We submit that the filing of the petition setting up the plaintiff's cause of action, and service upon it of the citation within the time, would serve every purpose that the notice could do, and would be a substantial compliance with the contract. And if this court should arrive at the conclusion reached in the Ferguson case, which we do not believe it will ever do, we feel confident it will assign a different reason than that given in said case. The other case relied on by appellee, Telegraph Company v. Hays, 63 Southwestern Reporter, 1072, is equally ill considered. It is said substantially that, the stipulation being part of the contract, the plaintiff had to allege and prove a compliance therewith as a prerequisite to the bringing of the suit. Filing the suit is not sufficient; no reason is assigned, but they refer to the Ferguson case.

Under question number 3 we submit the following propositions

' 1. That the printed condition on the back of the blank fixes the time within which the notice is to be given at a less period of time than ninety days, and is therefore in violation of article 3379, and is void. Telegraph Co. v. Jobe, 6 Texas Civ. App., 407, 408. ·

2. The Legislature intended that the contract should not fix the time at a less period than ninety days from the time of the accrual of the plaintiff's cause of action, and the plaintiff's cause of action never arises at the time the message is "filed" with the company for transmission, but invariably it arises, if at all, after the company has been guilty of some act of negligence either in transmitting or delivering it.

3. Under the law the contract must allow the party the full period of ninety days in which to give the notice after his cause of action arises—after he has been damaged; while the terms of the contract in question are that the company will not be liable "in any case where the claim is not presented in writing within ninety days after the message is filed with the company for transmission." This necessarily fixes the time within which such notice is to be given at a less period of time than ninety days, and is void.

4. The whole includes the sum of all of its parts, and for the contract to be a legal one, the party must have every minute of the ninety days in which to give notice of such claim.

If the Legislature did not mean that it was to be ninety full days from the time of the accrual of the cause of action, they have not used appropriate words in which to express their meaning.

Why use the words requiring notice to be given of any claim for damages, if they did not mean from the time the cause of action arose? Until the company was guilty of some act of negligence, either in transmitting the message or in delivering the information contained in it, the plaintiff could not be damaged. How could he give notice of a claim for damages which had no existence?

Under the second question, if it is considered material, we submit the following propositions:

1. If the contract is lawful it was a question of fact as to whether or not the time was reasonable. Railway v. Hume Bros., 87 Texas,

218; Railway v. Stanley, 89 Texas, ·42; Railway v. Greathouse, 82 Texas, 111; Railway v. Fagan, 72 Texas, 132; Railway v. Harris, 67 Texas, 167; Railway v. Sherwood, 84 Texas, 125; Telegraph Co. v. Phillips, 2 Texas Civ. App., 613.

· 2. The contract must not only allow ninety full days within which to give the notice, but the time allowed must be reasonable, or the contract is void.

3. Under the law formerly, when it was legal to make such contracts, it might be that the court was authorized to instruct that the time agreed upon by the parties in the contract was a reasonable one; but since the Act of 1891 (article 3379), which provides that the time fixed must be reasonable and that no contract fixing the time at a less period than ninety days shall be valid, the fact as to the reasonableness of the time must be left to the jury.

4. The law enters into and becomes a part of the contract, and under it the contract must not fix the time at a less period than ninety days, and the time so fixed must in addition be a reasonable time, and this is a question of fact to be decided by the jury in every case.

*Geo. H. Fearons* and *N. H. Lindsley,* for appellee.—The condition complained ·of, requiring notice to be given within ninety days after the filing of messages with the defendant for transmission is not void, under article 3379 of the Revised Statutes; nor does it fix a period of time within which said notice shall be given at a less period than ninety days.   Sayles' Rev. Stats., art. 3379.

The filing of à suit and issuance of citation thereon within ninety days is not a literal or substantial compliance with the condition under which the message, subject to this suit, was sent.   Telegraph Co. v. Ferguson, 27 S. W. Rep., 1048.; Telegraph Co. v. Hays, 63 S. W. Rep., 1072; Rev. Stats., art. 3379; Telegraph Co. v. Yopst, 11 N. E. Rep., 16, 20 N. E. Rep., 226; Telegraph Co. v. Vanway, 54 S. W. Rep., 414.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the Fifth District as follows:

"This suit was brought by appellant against the appellee to recover damages sustained by his wife, alleged to have been caused. by the negligent failure of appellee to deliver to his wife a telegram notifying her of the dying condition of her sister, which failure prevented her from being present at the death and burial of her sister.

"The appellee plead under oath that said telegram was received for transmission subject to the following stipulation, which it alleged was never complied with, viz.: 'The company will not be liable for damages or statutory· penalties in any case where the claim is not presented in writing within ninety days after the message is filed with the company for transmission.' This stipulation was printed on the back of

the telegram and was offered in evidence by appellee, to which appellant duly excepted at the time, among other reasons, for the one that the contract was void in that it fixed the time in which notice should be given at a less period than ninety days, and was void under article 3379 of the Revised Statutes. The court overruled the objections and admitted the evidence, to which the appellant duly excepted. On the trial, the appellant asked a charge to the effect that the conditions were invalid and illegal for the same reason, and the court refused the charge, and upon the contrary instructed the jury that if they found the telegram 'was written out and signed upon one of defendant's blank forms, known as form 291, then you are further instructed that said writing on blank form became and was the contract between the parties, then you are further instructed that one of the stipulations printed on said telegram was that the company will not be liable for damages in any case where the claim is not presented within ninety days after the message is filed with the company for transmission; and if you further find and believe from the evidence that plaintiff failed to present his claim in writing for damages, to some agent of the company, within ninety days from the 21st day of May, 1900, then you should find for defendant. The jury are further instructed that the filing of this suit and serving of defendant with citation within ninety days would not be a compliance with said condition set out upon said blank.' The appellant assigns as error the admission of such evidence, the refusal of his charge, and the giving of the charge by the court as hereinabove quoted.

"No claim in writing was ever presented or notice of claim for damages given other than the filing of this suit, on the first day of June, 1900, and the issuance and service of citation on said company, within ninety days after the filing of the message with the company for transmission. On April 3, 1901, plaintiff filed an amended petition, alleging the filing of the original petition, the issuance and service of citation within ninety days; that defendant appeared and answered on said service, and further set up the same cause of action stated in the original petition. The evidence raised the issue whether or not said stipulation was a part of the contract. The court assumed in its charge that the stipulation requiring the presentation of a claim within ninety days was a reasonable time. This is also complained of by appellant.

"Questions.—1., Was the filing of suit and service of citation on the company within ninety days after the delivery of the message for transmission a compliance with said stipulation? On this point there seems to be a conflict between some of the Courts of Civil Appeals. See Telegraph Co. v. Karr, 5 Texas Civ. App., 60; Telegraph Co. v. Piner, 9 Texas Civ. App., 152. Contra: Telegraph Co. v. Ferguson, 27 S. W. Rep., 1048; Telegraph Co. v. Hays, 63 S. W. Rep., 1072.

"2. Was the trial court, under article 3379, Revised Statutes, authorized to assume in his charge that the limit of ninety days was reasonable, or was it a question of fact for the jury's determination? Said article reads: 'No stipulation in any contract requiring notice to

be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable; and any such stipulation fixing the time. which such notice shall be given at a less period than ninety days shall be void,' etc.

"3. Is the stipulation requiring a claim for damages to be presented to the company *within ninety days* in violation of the provision of the statute making void a stipulation for a less period than ninety days?"

We answer the first question in the affirmative. The contrary view seems to rest upon a construction of the stipulation under which no right to sue can arise until the notice provided for has been given. The stipulation does not so provide, and this construction not only deduces from the language used that which it does not necessarily mean, and which is not essential to its full operation, or to the perfect accomplishment of its purpose, but does this by construing it most strongly in favor of the party using it.

There is no provision that there shall be no suit until the notice has been given, unless the statement that the company will not be liable in case the notice is not presented in the time required means this.

It may be said that if there is no liability there is no right to sue; and that, as the notice is made essential to liability, it is also made necessary to the right to sue. But the error here is in the assumption that there can never be a liability until the notice is given. Such is not the stipulation. To express this, the stipulation should read: The company will not be liable for damages, etc., until notice is presented, etc., and not then unless such notice is presented within ninety days, etc. The language used does not say, or necessarily imply, this. By law, the liability would arise whenever the contract was broken and damage ensued; and the provision is not inconsistent with such an accrual of a right of action, if, indeed, it could be prevented in this way.

The stipulation is that there will be no liability in case, i. e., in the event, notice is not presented within ninety days, which merely puts an end to a liability already accrued, or gives a defense upon the failure to give notice within that time. Consistently with this, the right to sue might arise as soon as the breach of contract and damage accrued, but would be lost by failure to give notice. This, in our opinion, is all the provision in question means; certainly all it should be held to mean when the opposite construction would be that most favorable to the party employing the language, and would create a condition precedent such as courts will not raise by a doubtful construction.

We have said the construction which we adopt gives full operation to the stipulation and meets the purpose of its insertion. That purpose was to require notice to the company of the claim within the prescribed time after the occurrence of the transactions out of which such claim arose, in order to give fair opportunity for investigation before the transactions were dimmed by time, and for the preservation of evidence before it had faded out. This opportunity was afforded quite as fully by suit and service of citation as it would be by other notice within

the ninety days, and the citation was a notice in writing complying literally with the requirement. Consequently, when suit was brought and citation served within ninety days, the defense never arose because the facts giving it never transpired. It was argued that one purpose of the notice was to afford opportunity to settle without suit, and, if this were so, it might give some color to the opposite construction of the writing. But no time is exacted after notice and before suit in which to investigate and settle. Consistently with the stipulation, if a notice were given before suit, the suit might immediately follow it. A purpose can not be deduced from the stipulation to secure which it makes no provision. The only purpose which the provision is adequate to subserve is that which we have assigned, and consequently it is only that purpose which can be deduced.

The weight of authority is, we think, in favor of our conclusion. 2 Shearm. & Redf. on Neg., sec. 554; Sherrill v. Telegraph Co., 109 N. C., 532; Telegraph Co. v. Trumbull, 27 N. E. Rep., 313; Telegraph Co. v. Henderson, 89 Ala., 516; Telegraph Co. v. Mellon, 33 S. W. Rep. (Tenn.), 727.

The opposite view may be sustained by the case of Telegraph Company v. Yopst, 11 Northeastern Reporter (Indiana), 19, and perhaps by other decisions in that State, although the case named was an action to recover a statutory penalty. In the same case, in 20 Northeastern Reporter, 226, the reason given for the holding is that the plaintiff, by signing the telegram, had bound himself by contract to give the notice, and could therefore enforce no right under the contract until he had performed his undertaking. But the plaintiff had not bound himself to give the notice at all—much less before suing. This line of argument assumes the whole matter in controversy. The required notice is sometimes spoken of as a demand for payment. This it plainly is not required to be.

In the case of Wolf v. Telegraph Company, 62 Pennsylvania State, 83, the action was brought within the specified time, but no previous notice was given, and as the plaintiff, for this reason, lost, the decision involves the proposition that suit within the time was not sufficient, but the opinion makes no allusion to the question.

Other cases sometimes cited upon the point did not involve it,— notice not having been given nor suit brought in time. Young v. Telegraph Co., 65 N. Y., 163; Heimann v. Telegraph Co., 57 Wis., 562; Cole v. Telegraph Co., 33 Minn., 227. In several of these cases, too, the language of the stipulation is different from that before us.

There is a conflict upon the question among the decisions of the former Court of Appeals and of the Courts of Civil Appeals. Telegraph Co. v. Karr, 5 Texas Civ. App., 61; Telegraph Co. v. Piner, 9 Texas Civ. App., 154; Telegraph Co. v. McKinney, 2 Willson C. C., 647; Telegraph Co. v. Ferguson, 27 S. W. Rep., 1048; Telegraph Co. v. Hays, 63 S. W. Rep., 1072; Telegraph Co. v. Jobe, 6 Texas Civ. App., 407.

As the suit was sufficient to prevent any loss of plaintiff's cause of action by operation of the stipulation as to notice, the other questions become immaterial.