HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. J. W. DAVIS.

Decided April 1, 1908.

**1.—Action—Contract to Give Notice of Claim.**

A contract by a shipper that he would give notice in writing to the carrier of any claim for damages growing out of the shipment within ninety days thereof, as a condition precedent to right of action, was complied with by suit brought and service of process had within the time limited. Phillips v. Western U. Tel. Co., 95 Texas, 638, followed, and Houston & T. C. R. Co. v. Mayes, 44 Texas Civ. App., 31, and International & G. N. R. Co. v. Heittner, 42 Texas Civ. App., 617, distinguished.

**2.—Evidence—Opinion—Value—Ordinary Care.**

A witness cannot be permitted to testify as to what would have been the value at their destination of live stock shipped by rail if they had been transported within a reasonable time and with ordinary care, the answer involving his opinion as to what would constitute ordinary care. Houston & T. C. R. Co. v. Roberts, 101 Texas, 418, followed.

**3.—Instructions—Negligence—Pleading.**

A charge submitting the question of defendant's negligence should confine the issue to matters pleaded.

Appeal from the County Court of Llano County. Tried below before Hon. A. H. Willbern.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* (*Baker, Botts, Parker & Garwood,* of counsel) for appellants.—Plaintiff having wholly failed and refused to give notice of his claim as agreed, he was without right to recover and the court erred in refusing to direct a verdict for defendants. Houston & T. C. R. Co. v. Mayes, 44 Texas Civ. App., 31; International & G. N. R. Co. v. Heittner, 42 Texas Civ. App., 617; Western U. Tel. Co. v. Ferguson, 27 S. W. 1048; Baldwin v. Western U. Tel. Co., 33 S. W., 890; Western U. Tel. Co. v. Raines, 63 Texas, 27; Gulf, C. & S. F. Ry. Co. v. Trawick, 68 Texas, 314; Gulf, C. & S. F. Ry. Co. v. Gatewood, 79 Texas, 89; Young v. Western U. Tel. Co., 65 N. Y., 165; Riddesbarger v. Hartford Ins. Co., 7 Wall., 389.

The testimony of plaintiff as to their value at Llano, if the horses

involved in this suit had been transported within a reasonable time and with ordinary care, involved the mere opinion or conclusion of the witness on what is a reasonable time and what is ordinary care—mixed questions of law and of fact to be determined by the court or the jury and not by the plaintiff. Sonnefield v. Mayton, 39 S. W., 166-168; St. Louis & S. F. Ry. Co. v. Nelson, 49 S. W., 713; De Walt v. Houston, E. & W. T. Ry. Co., 55 S. W. 534-537; Ft. Worth & D. C. Ry. Co. v. Thompson, 2 Texas Civ. App., 173; Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241; Bugbee Land & Cattle Co. v. Brents, 31 S. W., 695; Pecos & N. T. Ry. Co. v. Evans-Snider-Buel Co., 93 S. W., 1026; s. c., (Sup. Ct.), 100 Texas, 190; Houston & T. C. R. R. Co. v. Schuttee, 91 S. W., 806; Texas & Pac. Ry. Co. v. Lee, 51 S. W., 351, 352; Evans v. Hardemann, 15 Texas, 481; Boehringer v. Richards Medicine Co., 29 S. W., 510; Cincinnati, I. St. L. & C. R. Co. v. Case, 122 Ind., 310; 42 Am. & Eng. R. R. Cases, 537; Wichita & W. R. Co. v. Kuhn, 38 Kan., 675; In re Opening First St., 58 Mich., 641; Insley v. Shire, 54 Kan., 703; 45 Am. St. Rep., 308; Hamilton v. Rich Hill Min. Co., 108 Mo., 364; Madden v. Mo. Pac. Ry. Co., 50 Mo. App., 666; Redman v. Haberstro, 49 Hun., 605; McCarragher v. Rogers, 120 N. Y., 526; Hankins v. Watkins, 77 Hun., 360; Tillet v. N. & W. R. Co., 118 N. C., 1031; Mellor v. Utica, 48 Wis., 457.

*Johnson & Seiter,* for appellee.—The institution of a suit for damages to live stock against several defendant railroads and the service of a citation upon each defendant within ninety days from the accrual of the cause of action is a compliance with stipulations in contracts between plaintiff and each of the defendants requiring that definite notice in writing of plaintiff's claim for damages should be given by him to each defendant within ninety (or ninety-one) days from the happening of same, as a condition precedent to the institution and maintenance of suit for the recovery of such damages. Phillips v. Western U. Tel. Co:, 95 Texas, 638; Western U. Tel. Co. v. Cooper, 63 S. W., 427; Western U. Tel. Co. v. Karr, 5 Texas Civ. App., 60; Western U. Tel. Co. v. Piner, 9 Texas Civ App., 152.

Davis, having qualified himself to give an opinion on the subject by stating the facts upon which the same was based, it was competent for him to state what, in his opinion, would have been the market value of the horses in question if they had been transported within a reasonable time and with ordinary care. Texas & P. Ry. Co. v. Felkner, 90 S. W., 530; Chicago R. I. & T. R. Co. v. Halsell, 80 S. W., 140; Texas & P. Ry. Co. v. Ellerd, 87 S. W., 362; Proper to prove by qualified witness what is a reasonable time for transporting live stock. Texas & N. O. Ry. Co. v. Walker, 95 S. W., 743; Sabine & E. T. Ry. Co. v. Brousard, 69 Texas, 622-623; Chicago, R. I. & T. R. Co. v. Carroll, 81 S. W., 1021; International & G. N. R. Co. v. McGhee, 81 S. W., 805; Chicago, R. I. & T. R. Co. v. Knapp, 83 S. W., 234. Opinion of witness, though not expert in particular science, if he states facts upon which same is

based, admissible.    Gulf, C. & S. F. Ry. Co. v. Hepner, 83 Texas, 140.    A fortiori, in matters of value, which necessarily is opinion of witness.    Houston, & T. C. R. R. Co. v. Knapp, 51 Texas, 600; Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Texas, 685; Southern P. Ry. Co. v. Maddox & Co., 75 Texas, 300.    Also, as to stating opinion or drawing conclusion on the fact in issue.    McCray v. Galveston, H. & S. A. Ry., 89 Texas, 173; Scarf v. Collin County, 80 Texas, 173; International & G. N. R. R. Co. v. Klaus, 64 Texas, 293; Galveston, H. & S. A. Ry. Co. v. Bohan, 47 S. W., 1052, 1053.

RICE, ASSOCIATE JUSTICE.—This suit was instituted by J. W. Davis against the Houston & Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company and the Texas & Pacific Railway Company, to recover $725 as damages to a shipment of twenty-nine head of horses from Toyah, Reeves County, Texas, to Llano, Texas, made May 10, 1906, over said lines of railway.

A jury trial resulted in a verdict and judgment in favor of the plaintiff against the Texas & Pacific Railway Company for $129.92; against the Gulf, Colorado & Santa Fe Railway Company for $259.85, and against the Houston & Texas Central Railroad Company for $363.80, and costs, from which an appeal is prosecuted by all of said defendants.

Appellants by their first and second assignments of error complain of the action of the trial court in refusing to instruct a verdict for them, and in refusing to grant a new trial on the ground that they had alleged and proved that plaintiff, at the time of the shipment of his horses, had signed a contract in writing stipulating that, as a condition precedent to the institution and maintenance of any suit for the recovery of damages for loss or injury to said shipment of horses, he should give definite notice in writing of his claim to the Texas & Pacific Railway Company and to the Houston & Texas Central Railroad Company within ninety days, and to the Gulf, Colorado & Santa Fe Railway Company, within ninety-one days after the happening thereof.    Appellants in their pleading alleged the execution by plaintiff of a contract stipulating that, as a condition precedent to the institution and maintenance of any suit for the recovery of damages for loss or injury to said shipment of horses, he would give definite notice in writing of his claim to said Railway Companies within ninety and ninety-one days after date of injury, and contracts signed by him to this effect were offered in evidence.    The record discloses that no notice in writing, or otherwise, of plaintiff's claim for damages was given any of the defendants within the time specified in said contract, though plaintiff well knew the names and whereabouts of the agents of each of the defendants and knew of the alleged damage to his horses long prior to the expiration of said time; but that the shipment having been delivered by plaintiff to the initial carrier on May 10, and having arrived at Llano on May 13, and having been taken away by plaintiff on May 14, 1906, he instituted suit against all of said defend-

ants on June 25 next thereafter, and had citation served on each of them on about July 6, 1906.

At the close of all the evidence defendants requested, but the court refused, a peremptory charge in their favor; and the court in this connection, in its charge to the jury, told them that if they should believe from the evidence that plaintiff filed suit against each of the defendants, and that citations were issued, and that each defendant was served with such process within less than ninety days from the accrual of said cause of action, or from the time of the injuries, as provided and stipulated in said contract, the same would be sufficient compliance with the terms and stipulations thereof.

The question to be determined then is whether or not the filing of suit for damages against these defendants and the service of citation thereon within the period of ninety and ninety-one days, would be a substantial compliance with the terms of said stipulation in said contracts above alluded to. The question is no longer an open one in this State. In the case of Phillips v. Western Union Tel. Co., 95 Texas, 638, the Supreme Court, in answer to a certified question, discussed the conflicting holdings of the several Courts of Civil Appeals upon this question, as well as the holdings in other States, and held that the filing of suit and service of process within the period of time named in the contracts was a compliance with such contracts. Counsel for appellant cites as sustaining his proposition the cases of Houston & T. C. R. Co. v. Mayes, 44 Texas Civ. App., 31, and International & G. N. R. Co. v. Heittner, 42 Texas Civ. App., 617. These cases, however, are not in point because the question involved in each of them was not similar to the one under consideration, for in said cases it was shown that no notice whatever was given and no suit was filed within the period of limitation prescribed by the contract. We therefore hold, in accordance with the views of the Supreme Court in Phillips v. Western Union Tel. Co., supra., that the filing of suit and service of citation met the requirements of said contract relative to notice within the ninety days; and therefore overrule these assignments.

Appellants by their third assignment of error complain of the action of the trial court in admitting in evidence the testimony of the plaintiff to the effect that if the horses involved in this suit had been transported within a reasonable time and with ordinary care, their reasonable market value at Llano when they arrived there would have been from $75 to $100, per head, because said testimony involved an opinion or conclusion of the witness on what is reasonable time and what is ordinary care,—mixed questions of law and fact to be determined by the court or jury and not by the plaintiff. By bill of exception it was shown that plaintiff was allowed to testify, over objection of appellants, that if said horses had been carried within a reasonable time and with ordinary care, their reasonable market value, upon arrival at Llano, would have been from $75 to $100 per head. The above testimony was the only evidence in the record showing, or tending to show, what the value of plaintiff's horses should have been upon their arrival at Llano; hence the testimony was important and upon a material issue. The Supreme

Court, in an opinion delivered March 11, 1908, in answer to a certified question from this court in the case of Houston & T. C. R. Co. v. Roberts, 101 Texas, 418, held that it was error to admit such testimony for the reason that the question called for and the answer gave the opinion of the witness on a mixed question of law and fact, and said, amongst other things:

"In answering, if he answered intelligently, the witness must have determined for himself what would constitute ordinary care, and then have deduced from a consideration of all the elements that would, in his opinion, enter into the question of the time reasonably necessary for the transportation in the exercise of such care, a conclusion as to what that time should be. The elements or facts which should be considered were first to be determined in part by the court in the admission and exclusion of evidence; and the conclusion to be drawn from them as to the time reasonably required to carry the cattle to their destination with ordinary diligence was then to be drawn by the jury by applying to the facts admitted in evidence their own judgment as to what would constitute ordinary diligence and a reasonable time. The opinion of the witness, therefore, was given, in part, upon questions of law addressed to the court, and, in part, upon conclusions of fact to be drawn by the jury."

On account of the error in the admission of this testimony, we sustain this assignment. Houston & T. C. R. Co. v. Roberts, supra.

Appellants by their fourth, fifth, sixth, seventh, eighth and ninth assignments of error, which relate substantially to the same matter, complain that the court erred in the fourth paragraph of its charge, in instructing the jury that if they believed from the evidence that plaintiff's horses were not handled or transported with ordinary care, they must find for the plaintiff, because they contend that the charge permitted and authorized the jury to take into consideration and award damages for any act or omission of any or all of the defendants, which they might regard as negligence, without reference to whether such act or omission was pleaded or not. In view of another trial, without intimating that these assignments point out reversible error, we would suggest that the charge, in submitting the issue to the jury, follow more closely the allegations of the pleading.

As to the fifth assignment, no error, in our judgment, was committed as therein pointed out, because the evidence raised the issue covered by the charge of the court.

We are inclined to believe that there was error, as suggested by appellants' third proposition under their sixth assignment of error, in that there was no evidence in the record showing that the horses were negligently or roughly handled by the Texas & Pacific Railway Company, but express no opinion as to whether there was any unreasonable delay by said company shown from the evidence.

We have carefully examined the questions raised by the other assignments, and believing no error has been committed as pointed out by them, they are overruled.

Because the court erred in admitting the testimony of plaintiff

showing what the value of the horses would have been at Llano if, in his opinion, they had been transported within a reasonable time and with ordinary care, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*