## WICHITA VALLEY RY. CO. v. BOGER.
### (No. 621.)

(Court of Civil Appeals of Texas. Amarillo. May 9, 1914. Rehearing Denied June 6, 1914.)

1. CARRIERS (§ 218*)—TRANSPORTATION OF LIVE STOCK—ACTIONS—NOTICE OF CLAIM.

A provision in a bill of lading for live stock, requiring notice to the carrier as a condition precedent to any right of action for damages for loss or injury, delay in transportation, or decline in the market, did not apply to damages to the stock while in the shipping pen due to the carrier's failure to ship them at once as agreed; this cause of action having accrued and been complete before the bill of lading was executed, and there being no consideration for the provision as to it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

2. CARRIERS (§ 218*)—TRANSPORTATION OF LIVE STOCK—ACTIONS—NOTICE OF CLAIM.

A provision in a bill of lading for a shipment of live stock, requiring notice to the carrier as a condition precedent to any action for damages, was sufficiently complied with by commencing an action and serving the citation on the carrier 13 days after the damages accrued, though the bill of lading further provided that the commencement of suit should not be a compliance therewith, and that the purpose of such provision was to enable the carrier to investigate and settle claims before suit was instituted, since the carrier had ample time to preserve its testimony and ascertain whether or not it was liable for the damages claimed, especially as there was no provision requiring any delay after serving the notice before commencing suit.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

Appeal from Clay County Court; W. T. Allen, Judge.

Action by M. W. Boger against the Wichita Valley Railway Company and another. From a judgment for plaintiff against the defendant named, it appeals. Affirmed.

Thompson & Barwise, of Ft. Worth, and Taylor & Humphrey, of Henrietta, for appellant. Wantland & Parrish, of Henrietta, for appellee.

---

HUFF, C. J. This suit originated in the justice court of Clay county, and from that court appealed to the county court of Clay county, and appealed to this court from a judgment in the county court for the sum of $177.25 against appellant and in favor of the appellee, Boger, which judgment was rendered in favor of the Ft. Worth & Denver City Railway, to the effect that Boger take nothing as to said railway company.

The cause of action, as stated on the justice docket or memorandum thereof, is as follows:

"The Wichita Valley Railway Company and Ft. Worth & Denver City Railway Company, debtor to M. W. Boger, Henrietta, Tex. Failure to ship properly and negligent delays, rough and wrongful handling of two cars of cattle shipped from Anson, in Jones county, Tex., over the Wichita Valley Railroad Company to Wichita Falls, and thence over the Ft. Worth & Denver City Railway Company to Jolly, in Clay county, Tex. Said cattle should have been shipped on Saturday, December 28th, at 4 o'clock, but were not in fact shipped until Monday, December 30th, in the year 1912, and did not arrive at destination until Wednesday, the 1st day of January, 1913, to plaintiff's damage and injury in the sum of $2 per head on 86 head of cattle, aggregating $172; to extra feed by reason of delay to said cattle, $8.40; to extra expense and labor hire $8.25; to overcharge on feed, $5.25—total, $193.85."

The appellant answered by exceptions and general answer, and specially, among other things, it alleges that the appellee and appellants entered into a contract for the carriage of the above shipment, containing, among other provisions, the following:

"It is further agreed that as a condition precedent to any right of action for damages for loss or injury to said stock or for delay in transporting the same, or decline in market, the said shipper will give notice in writing to the carrier, setting out in detail a full statement of the losses, injuries, delays and decline in market for which the damages are claimed and the amount thereof, within 120 days after same shall have been occasioned, which notice shall be given to some traffic officer, station agent or other convenient local agent of the carrier and the filing of suit for such damages shall not be a compliance with this requirement, the purpose of requiring this notice is to enable the carrier to investigate and settle such claims before suit is instituted and no action for any such damages shall be brought or maintained unless the notice in writing mentioned in this paragraph be given within said 120 days. No one except the general freight agent or auditor of said carrier has authority to waive such notice, and then only in writing."

It is further alleged that the appellee was bound by the terms of said contract of shipment, and agreed thereto, and that he never gave either of said railroads notice in writing, as above provided, before or after the institution of this suit, and that in direct violation of said agreement the plaintiff caused suit to be instituted against these defendants without giving said notice as agreed to by and between defendants and plaintiff. It further alleged that the stipulation was reasonable, and that the defendants had many agents to whom notice could have

been readily given, and that the plaintiff was well acquainted with the facts relative thereto, and that the 120 days has expired since the damages alleged to have been occasioned, and at the present time that no notice has been given.

In addition to the transcript, by agreement, the parties send up a copy of the citation, together with the sheriff's return thereon, which copy sets out the claim of the appellee as above set out. The citation appears to have been issued on the 14th day of January, 1913, and was placed in the hands of the constable of precinct No. 1, Wichita county, Tex., which was served on the appellant, Wichita Valley Railway Company, by delivering to its agent, W. A. Bundy, in person, a true copy of the citation on the 15th day of January, 1913. Like service was made on the Ft. Worth & Denver City on the same day by constable of precinct No. 1, Clay county.

The facts in this case warranted the court in finding that the cattle were shipped as stated by the appellee in his filed statement, and that the appellant was negligent in the handling of the cattle as therein stated, and that the appellee had been damaged in the amount found by the court. The facts are uncontroverted that Boger gave neither road, appellant, nor the Ft. Worth & Denver, notice of the claim, as stipulated for in the provision of the contract above set out, further than was contained in the citation served on them by the respective constables of Clay county and Wichita county. The appellee admits that he gave no notice, and testified the reason he did not do so, he knew that it would be useless, and would amount to nothing. The facts are sufficient to show that the notice was a reasonable one, and could have been given within the time prescribed by the contract. The facts further show that the contract, as evidenced by the bill of lading, had the provision in it as set out in appellant's answer. The testimony of Mr. Boger is to the effect that he delivered 86 head of cattle in the pens of appellant at Anson, on the 28th day of December, and that they were not shipped out until December 30th, and that he had been induced to place them in the shipping pens at that time upon an agreement of the station agent that they would be shipped at once. The testimony is to the effect that the delay occasioned by a failure to load and ship the cattle out at the time specified damaged the cattle $1 per head.

[1] The only assignment presented is the first assignment:

"The court erred in rendering judgment for plaintiff and against defendant, for the reason that plaintiff had not given notice of the claim as provided in the shipping contract and pleaded by said contract, and had filed the suit against defendant without first complying with said shipping contract with reference to giving notice of said claim within 120 days after the alleged injury occurred."

Before noticing this assignment we desire to say that we do not think the provision of the contract would preclude the appellee from recovering the damage occasioned his cattle while in the shipping pens awaiting a train to carry them out, for the reason that the cause of action to recover such damage had accrued and was complete before the written contract for the transportation of the cattle was executed, and that there was no consideration for the provision in the writing, affecting that cause of action. Boger, therefore, in any event, would be entitled to recover $1 per head, the amount of damages shown to the cattle while in the pen. Ry. Co. v. Evans-Snyder, 100 Tex. 190, 97 S. W. 466; Ry. Co. v. Crews (Tex. Civ. App.) 139 S. W. 1049.

[2] As to damages occasioned the cattle in transportation by reason of delay, appellee, Boger, under the contract, was required to give notice. Our Supreme Court has held that the filing of the suit within the time limit provided for was sufficient notice. Phillips v. Western Union Tel. Co., 95 Tex. 638, 69 S. W. 63; Ry. Co. v. Davis, 50 Tex. Civ. App. 74, 109 S. W. 422; Railway Co. v. Hawley (Tex. Civ. App.) 123 S. W. 726–731.

It is urged by appellant in this case that the contract provided that the filing of a suit for such damages shall not be a compliance with the requirement. The mere filing of a suit, perhaps, would not be notice, but certainly the service of citation on the appellant, together with the statement of damages claimed, would be sufficient to give notice of the claim of appellee. This notice by citation was in writing, and served and given to appellant within the 120 days. The damages having been sustained by appellee by reason of the shipment and the handling of the cattle as above set out, and the notice having been given within the time, the appellee's cause of action was complete under the contract.

It is further urged by appellant that the provision in the contract stated that the notice was required in order to enable the carrier to investigate and settle such claims before suit was instituted. It will be noted by this provision of the contract that no time was stipulated from or after such notice in which appellant would have to investigate and settle the claim. The suit under that provision, after notice, could have been instituted instantly. The appellee could have given the notice within the 120 days at the last moment before the expiration of the time, and immediately thereafter brought suit. The terms of the provision itself indicate that the purpose of the notice was not to give appellant time to investigate and settle the claim before suit. If such had been its purpose, certainly a provision would have been inserted giving appellant time after such notice to investigate and settle the claim. We think the object of this provision has been amply met by the institution of the suit within 13 days after the alleged injury. Appellant had ample time to preserve its testimony and ascertain whether or not it was liable for such damages. This appears to be the reason most often given for supporting contracts of this kind, and the recitation of the contract in this case that appellant should have time to investigate, etc., clearly indicates that such was not the purpose, for the reason that appellant did not stipulate for any time after the notice in which to satisfy itself as to its liability.

We have concluded, under the decisions of the courts of this state, that the notice given was sufficient. There are matters which are suggested in this case, which have not been briefed, which we do not feel warranted in discussing at this time, and have concluded that the case should be affirmed.

The judgment of the lower court will be affirmed.