Syllabus.

# Richmond.

## NORFOLK SOUTHERN RAILROAD CO. v. NORFOLK TRUCKERS' EXCHANGE, INC.

### March 16, 1916.

### Absent, Cardwell, J.

1. CARRIERS—*Loss or Injury to Goods—Action by Consignor or Consignee.*—A consignor of goods who has made a special contract with a common carrier to carry them, whether he has any interest in them or not, or who has any interest or property in them, general or special, may maintain an action against such carrier for failure to deliver the goods within a reasonable time, or for the loss of or injury to them. The action, at the election of the consignor, may be either upon the special contract, or in tort for failure by the carrier to perform its duty. An action may also be maintained by the consignee, if he have any interest in the goods, but there can be but one recovery.

2. EVIDENCE—*Deposition—Caption—Sufficiency—Adequate Notice.*—Where proper notice has been given of the time and place of taking depositions, and of the action in which they are to be read, and of the court in which such action is pending, a mistake in the caption of the depositions stating that they are to be read in the "corporation court" instead of the "circuit court" of a city in which the action is pending, is immaterial, where the caption is otherwise correct.

3. INSTRUCTIONS—*Evidence to Support—Abstract Propositions—Province of Jury.*—It is not error to refuse an instruction when there is no evidence to support it, however sound may be the proposition it propounds as an abstract statement of the law. It is no invasion of the province of the jury for the court to state there is no evidence to support an instruction tendered, and it is an every-day practice to do so.

4. CARRIERS — *Interstate Shipments — Carmack Amendment — "Lawful Holder" of Bill of Lading.*—Under the Carmack Amendment making the initial carrier liable to the lawful holder of the bill of lading for any loss, damage or injury to goods caused by it or a connecting carrier, the term "lawful holder" comprehends the owner of the property transported, or one beneficially entitled to recover for the loss or injury, and the manual possession of the bill of lading is not a prerequisite to the right to sue.

5. INSTRUCTIONS—*Evidence to Support—Case at Bar.*—Where the evidence showed that refrigerating cars were not used for the transportation of spinach, it was not error to refuse an instruction which made the failure of the shipper to use such a car for shipping spinach a ground to excuse the carrier from liability for injury to the shipment.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of trespass on the case.   Judgment for the plaintiff.   Defendant assigns error.

*Reversed.*

The following are the instructions "A," "B," and "C" referred to in the opinion of the court:

A.

"The court instructs the jury that if you believe from the evidence there was negligence on the part of the defendant in .delivering the goods at destination, and further believe the goods arrived in bad condition, then the burden of showing that the damage to the goods was not due to the delay in transportation is upon the defendant."

B.

"The court instructs the jury that if they believe from the evidence that the defendant company received the shipment of three hundred and one (301) barrels of spinach from the plaintiff to be delivered to *Nichols, Johnson & Kline* at Milwaukee, Wis., and issued its receipt or bill of lading therefor, that the defendant company is not only responsible to the plaintiff for any breach of its duty as common carrier upon its own line, but is responsible for breach of duty by any of the connecting carriers as well."

C.

"The court instructs the jury that if they believe from the evidence that the defendant company received for shipment at

a point on its line the three hundred and one (301) barrels of spinach to be carried to Nichols, Jansen & Kline, at Milwaukee, Wis., and issued its receipt or bill of lading therefor, the said defendant is responsible for all loss or damage or injury to the said shipment resulting from negligence or unreasonable delay on its part or any of its connecting carriers."

*James G. Martin,* for the plaintiff in error.

*J. Edward Cole* and *Fred C. Abbott,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The Norfolk Truckers' Exchange, Inc., brought this action for loss which it claims to have suffered by reason of having shipped 301 barrels of spinach from Kempsville, Va., to Milwaukee, Wis., on the 12th day of April, 1912, over lines of the defendant, the Norfolk Southern Railroad Company, and connecting carriers, defendant being the initial carrier, which carried the shipment to Norfolk, Va., and there delivered it to the Norfolk and Western Railway Company. Plaintiff claimed that by negligent icing of the spinach and negligent delay in transportation, and by reason of shipping it in an ordinary box car, the spinach was damaged and refused by consignee at Milwaukee, Wis.; that the consignee had agreed to pay $301 for the spinach f. o. b. Kempsville; and that by reason of this refusal that sum was lost to the plaintiff, as well as $19.50, which the plaintiff had expended for ice put into the car at Kempsville.

There were two trials. On the first trial the jury found for the defendant, but the court set aside this verdict, on the motion of the plaintiff, being of opinion that an erroneous instruction had been given, and the defendant excepted. On the second trial, the jury found for the plaintiff $320.50, and interest. The defendant moved to set aside this second verdict

as contrary to the law and the evidence and for error in refusing and granting instructions, but the court overruled this motion and entered judgment for the plaintiff; and thereupon the defendant brought the case to this court.

The first error assigned is to the action of the court in setting aside the first verdict, which was in favor of the defendant.

On that trial the court instructed the jury that, "if they believe from the evidence that when the plaintiff delivered the spinach to the railroad company at Kempsville, the same was in good condition and of the kind and quality purchased, then the title passed to the purchasers, Nicholas, Janssen and Klein, and you should find for the defendant."

The court became satisfied that this instruction was erroneous, and thereupon set the verdict aside and granted to the plaintiff a new trial, and in this ruling we are of opinion there was no error.

The plaintiff in error asked for that instruction on the theory that trespass on the case would not lie by a consignor, if the entire title had passed to the consignee, as after passage of the title the consignor could collect the whole purchase money from the consignee, and the consignee would have the right to hold the railroad companies.

In *Spence* v. *N. & W. R. Co.,* 92 Va. 102, 22 S. E. 815, 29 L. R. A. 578, Judge Buchanan speaking for the court said: "A consignor of goods who has made a special contract with a common carrier to carry them, whether he has any interest in them or not, or who has any interest or property in them, general or special, may maintain an action against such carrier for failure to deliver the goods within a reasonable time, or for the loss of or injury to them. The action, at the election of the consignor, may be either upon the special contract, or in tort for failure by the carrier to perform its duty. An action may also be maintained by the consignee, if he have any interest in the goods, but there can be but one recovery."

Upon the authority of that case, we are of opinion that the action of the court in setting aside the first verdict was correct, and this assignment of error is, therefore, overruled.

During the progress of the second trial, the plaintiff offered to read in evidence certain depositions, to which the defendant objected, upon the ground that the court in which the case was pending in which the depositions were to be read was erroneously referred to as the "corporation court," when in point of fact they were to be read in the circuit court of the city of Norfolk.

The notice to take the depositions states that they were to be taken "on the 4th day of October, in the year 1913, between the hours of 10 A. M. and 6 P. M., before Louis N. Biron, notary public, at the office of Bloodgood, Kemper & Bloodgood, Mitchell building, in the city of Milwaukee, in the State of Wisconsin . . . to be read as evidence on behalf of the plaintiff in that certain action at law now depending in the Circuit Court for the city of Norfolk, Virginia, wherein Norfolk Truckers' Exchange, Incorporated, is the plaintiff and the Norfolk Southern Railroad is the defendant." The caption to the depositions is as follows: "Corporation Court, City of Norfolk, State of Virginia. *Norfolk Truckers' Exchange, Plaintiff,* v. *Norfolk Southern Railway Company, Defendant.* Depositions of witnesses taken before me, Louis N. Biron, a notary public in and for the county of Milwaukee, State of Wisconsin, between the hours of 10 A. M. and 6 P. M., on the 4th day of October, 1913, in pursuance of the annexed notice, to be read in evidence in a suit in which the Norfolk Truckers' Exchange is plaintiff and Norfolk Southern Railway Company is defendant, pending in said Corporation Court for the city of Norfolk and State of Virginia."

The court overruled the objection and permitted the depositions to be read, and we think the exception to the action of the court is not well taken.

At the conclusion of the evidence, the plaintiff offered three

instructions, "A," "B," and "C," to the giving of which the defendant excepted, and the giving of these instructions is now relied upon as the third assignment of error.

The contention of plaintiff in error is that the declaration relied upon three acts of negligence—negligent delay, negligent icing and the packing of the spinach in an ordinary box car; and that the instructions objected to did not confine the recovery of the plaintiff to those acts of negligence, but left the whole matter of negligence, or breach of duty as common carrier, of any nature, to the jury, although not within the declaration.

We do not so understand the scope of the instructions. In our opinion they only authorized the jury to consider acts of negligence that might fairly be brought directly within the acts of negligence specifically set out in the declaration, or such as were consequential upon those breaches of duty.

The defendant offered ten instructions, the first four of which were granted, and the fourth of those granted is as follows: "The court instructs the jury that there is no evidence that defendant used an improper car." The first of the instructions refused is the fifth, in which the court is asked to tell the jury that "there is no evidence that defendant was negligent about icing."

After a careful examination of the record, we are of opinion that this instruction should have been given. We can find no evidence which would warrant the jury in finding that the defendant was negligent in that respect.

Defendant in error, discussing that instruction, says that it is clearly erroneous, and refers to *Cornett* v. *Rhudy,* 80 Va. 710, which states that, "It is fundamental that, where the evidence is parol, any opinion given by the court as to the weight, effect or sufficiency of the evidence submitted to the jury, or any assumption of a fact as proved, is an invasion of the province of the jury, and is reversible error." A statement of the law in which we cheerfully acquiesce; but in this case there was no evidence before the jury, and when such is the

case it is everyday practice so to state to the jury. Indeed, whenever an instruction is offered, it is the duty of the court to consider whether there is evidence to support it, and if there be none, to refuse it on that ground, however sound it may be as an abstract proposition of law. It was held in *C. & O. Ry. Co.* v. *Stock & Sons,* 104 Va. 97, 51 S. E. 161, that an instruction should not be given unless there was evidence in the case sufficient to support a verdict in accordance with the instruction.

We apprehend that the learned counsel for the defendant in error would not have relied upon the authorities cited in support of his position if there had been evidence before the jury upon which he could have relied, but that he would have made a conclusive answer by pointing to the evidence in support of his position.

The sixth instruction states, that "Unless the jury believe from the evidence that the plaintiff was the holder of the bill of lading for the goods at the time this suit was commenced, June 24, 1913, they must find for the defendant."

This instruction is based upon the Carmack amendment, which reads as follows: "That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor, and be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered, or over whose line or lines such property may pass; and no contract, receipt, rule or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law . . ."

We think the court properly refused this instruction, and in support of the ruling we refer to *Spence* v. *N. & W. R. Co.,*

*supra;* and to *Pecos & N. T. R. Co.* v. *Meyer* (Tex. Civ. App.), 155 S. W. 309, the syllabus of which is as follows: "Under the Carmack amendment, which provides that any common carrier, receiving property for transportation from a point in one State to a point in another State, shall issue a receipt or bill of lading and shall be liable to the 'lawful holder' thereof for any loss or injury to such property caused by it or by any carrier to which such property may be delivered or over whose line such property may pass, the term 'lawful holder' comprehends the owner of the property transported or the one beneficially entitled to recover for the loss or injury, and manual possession of the bill of lading is not a prerequisite to the right to sue, so that a shipper accompanying the shipment was not deprived of his right to sue because he surrendered his bills of lading at the destination in exchange for free transportation on the return." *International Watch Co.* v. *D. L. & W. R. Co.,* 80 N. J. Law 553, 78 Atl. 49; *Galveston R. Co.* v. *Wallace,* 223 U. S. 481, 32 Sup. Ct. 205, 56 L. Ed. 523; *A. C. L. R. Co.* v. *Riverside Mills,* 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7; *Storm Lake Tub, &c.* v. *Minn. St. L. &c., Ry. Co.* (D. C.), 209 Fed. 900; *Adams* v. *Chicago, Great Western Ry. Co.* (D. C.), 210 Fed. 364.

Instruction No. 7, asked for by plaintiff in error and refused by the court is as follows: "The court instructs the jury that if they believe from the evidence that on a trip as long as the one in question, a shipper, in the exercise of reasonable care, would have put more ice in the car or used a refrigerator car for the goods, or ordered re-icing of the car, and the failure of the plaintiff to use a refrigerator car or to order re-icing contributed to the loss, the jury must find for the defendant."

This instruction is wrong, if for no other reason, because it suggests that reasonable care on the part of the shipper required it to use a refrigerator car, when the evidence shows that such a car is not used for the transportation of spinach,

42

because to keep spinach in proper condition it should be kept moist as well as cool, and it is the ice water trickling down through the barrels that preserves its freshness.

We think that what we have said sufficiently presents our views upon the subject of instructions, and as the case will have to be reversed and remanded for a new trial, it would not be proper to express any opinion upon the motion for a new trial.

*Reversed.*