## 16680.   CENTRAL OF GEORGIA RAILWAY CO. *v.* EVANS.

1. The Carmack amendment to the interstate-commerce act provides that a suit on a bill of lading, for loss of or damage to freight, shall be maintained by the holder of the bill of lading or by the party entitled to recover thereon. The Cummins amendment provides that "'holder' of a bill means a person who has both actual possession of said bill and a

---

Appeal and Error, 4 C. J. p. 969, n. 56; p. 1004, n. 63.

Carriers, 10 C. J. p. 85, n. 14; p. 86, n. 19; p. 204, n. 48; p. 354, n. 41, 44 New; p. 360, n. 20; p. 371, n. 55 New; p. 392, n. 35; p. 393, n. 53, 60; p. 394, n. 65.

Evidence, 22 C. J. p. 528, n. 25; p. 551, n. 52; p. 642, n. 50.

Trial, 38 Cyc. p. 1711, n. 19.

right of property therein." Under Georgia law, a bill of lading may be transferred by delivery (*Orr* v. *Planters Phosphate &c. Co.*, 8 *Ga. App.* 59, 60, 68 S. E. 779; *Baker* v. *Central Grocery Co.*, 15 *Ga. App.* 377, 379, 83 S. E. 504), and presumptively one in possession of such an instrument is the legal holder thereof. However, even if such be the rule under the Federal statute, in the instant case, as to one of the cars of fruit sued for, while the petition, as amended, alleges that the plaintiff was the lawful holder of the bill of lading and was the party entitled to recover thereon, the effect of his evidence was to explain his physical possession of the bill of lading as being the legal possession of the corporation to which it was issued and of which he was president, and for which he was acting in his fiduciary capacity. Under such admitted state of facts, the corporation to which it was issued being still the holder of the contract, and the plaintiff being a mere official custodian thereof, a suit can not be maintained thereon in the name of the individual having bare physical possession, as thus explained. Accordingly, a recovery for the plaintiff under what is designated as count 3 of the petition was unauthorized.

2. The demurrer to the petition was ineffective and the question raised thereby is controlled adversely to the contentions of the plaintiff in error by the ruling of this court in *Southern Railway Co.* v. *Standard Growers Exchange*, 34 *Ga. App.* 534 (130 S. E. 373).

3. Whether the refrigerator car actually furnished by the defendant to the plaintiff on the latter's requisition was such as could and did afford standard refrigeration for the character of service specified when expeditiously handled and re-iced to full capacity at all regular icing stations en route was, under the conflicting evidence upon that issue, a question to be determined by the jury. The fact that under the rules of the interstate-commerce commission the carrier might be held liable for a failure to provide a car of the type specified in the shipper's requisition does not extinguish the common-law obligation that the car when thus furnished shall afford reasonable efficiency in the service specified, nor do such rules purport to nullify that obligation, but, on the contrary, rule 130 recognizes that reasonable protective service must be provided.

4. The numerous special exceptions relating to the admission and rejection of testimony, exceptions to the charge of the court and the failure to charge as requested, have been carefully examined; and we do not find any substantial or harmful error such as would authorize setting the verdict and judgment aside. The question as to whether the car furnished could and did afford proper refrigeration between the points of shipment, when re-iced at regularly established icing stations, was one of opinion. "Where the question under examination, and to be decided by the jury, is one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." Civil Code (1910), § 5874. "The opinions of experts, on any question of science, skill, trade, or like questions, are always admissible; and such opinions may be given on the facts as proved by other witnesses." Civil Code (1910), § 5876. Under these two familiar rules, none of the testimony admitted over objection is subject to the exceptions taken. The charge of the court, taken as a whole, was fair and complete, and properly presented to the

jury the issues involved. A proper interpretation of the excerpt from the charge in which the judge told the jury that he could not charge as a matter of law that the carrier should have furnished "this kind of a car or that kind of a car" can not, especially when taken in connection with the entire charge, be reasonably taken to mean anything else but that whatever shape, size, or equipment the car might consist of, the question was whether or not it would furnish proper refrigeration for the character of service requested. The failure specifically to charge as requested that the defendant would not be liable for any injury done to the goods by the plaintiff's delay in loading was fairly covered by the charge upon the issue made as to whether the goods were in good order when accepted by the defendant. The court, having submitted the controlling issues involved, did not err in failing specifically to charge, as requested, upon the effect of rule 35 of the interstate-commerce commission, which was in evidence, and which is quoted from in the preceding headnote; there being no issue as to whether the carrier had furnished a refrigerator car as contemplated under that rule, but the contest being solely as to whether the refrigerator car actually furnished would properly refrigerate in the particular service which the plaintiff had specified. Nor did the court err in failing to charge that if the loss was occasioned by what was analogous to an act of God, but to which loss the negligence of the defendant contributed, the damages awarded should be apportioned accordingly.

DECIDED MAY 15, 1926. REHEARING DENIED JUNE 18, 1926.

Breach of contract; from Houston superior court—Judge Malcolm D. Jones. June 12, 1925.

*Harris, Harris & Popper, Duncan & Nunn,* for plaintiff in error.
*John R. L. Smith, Grady C. Harris, J. LeConte Smith,* contra.

JENKINS, P. J. Something might be said in elaboration of the third division of the syllabus. As to the first count the plaintiff made out a prima facie case by showing himself to be the lawful holder of the bill of lading; that the goods were received by the defendant for shipment in good condition, and that when delivered by it they were damaged by decay; and that he was damaged thereby to an amount named. In order for the defendant carrier to absolve itself from liability for the damage to the shipment, it then became incumbent upon it to show that the loss was occasioned by an act of God or of the public enemy, unmixed with any negligence on its own part contributing thereto. Where, as here, however, the shipment consisted of perishable goods, the rule just stated is complied with by showing that the loss was occasioned by an inherent vice in the goods themselves or by their natural deterioration, unmixed with contributory negligence on the part of the defendant. The defendant, contending all the

while that the goods were properly handled, including proper refrigeration, apparently does not undertake to show that their decay, while thus properly refrigerated, was attributable to mere natural deterioration, but relies upon proof to the effect that the loss to the properly handled and properly refrigerated shipment was occasioned by a certain named vice or disease inherent in the goods at the time of their shipment. In undertaking to absolve itself from contributory negligence in the loss thus occasioned, the defendant submitted proof for the purpose of showing, and did show, that the shipment of peaches was handled with proper expedition and that the refrigerating car in which they were conveyed was re-iced to full capacity at all regular icing stations between the point of shipment and the point of destination, as required by the bill of lading. This, according to the defendant's contention, was all that it was required to show under its contract of shipment in order to be relieved from the presumption of contributory negligence for a loss which it contends was occasioned by what was the equivalent of an act of God. It nevertheless went further and undertook to prove that the car furnished by it and in which the freight was handled was not only such as was in compliance with plaintiff's requisition calling for a refrigerator car, but was such a car of that type as was suitable for the character of service specified. The plaintiff, in rebuttal, disputed the existence of the inherent vice claimed by the defendant to have existed in the goods, and likewise disputed the defendant's evidence to the effect that standard refrigeration was provided, by showing that such was not the case, since it could not have been afforded by the car furnished, which, according to his evidence, was not the sort of refrigerator car which could or did afford standard refrigeration for the service specified, and consequently was not suited for the service called for, but was a short car, with small ice bunkers, old and antiquated, and which was primarily intended to be used as a dairy car for handling in a limited territory, and was entirely unsuited and inadequate to maintain standard refrigeration on a long haul between Fort Valley, Georgia, and St. Louis, Missouri, when iced only at such icing stations as were regularly provided for. Plaintiff insists, and correctly so, that under the interstate-commerce law the defendant could not contract against liability occasioned by its own negligence, but ap-

pears to tacitly concede that, under the evidence, a lack of proper refrigeration could be charged only by reason of the inefficiency of the car employed. Under the tariff rules of the interstate-commerce commission a shipper, in requesting a car, is only permitted to specify in general terms the type of car desired, such as "refrigerator, ventilator, box, etc., and the character of service desired." It is also true that under these tariff rules (with certain exceptions not material here) "no detailed instructions from shipper as to protective service will be accepted other than 'under refrigeration,' 'under standard ventilation,' etc." Thus, for a failure to furnish, upon request, a car of the type requested, such for instance as "a refrigerator car," the rules of the interstate-commerce commission afford the shipper his remedy; but it is nevertheless true that for a failure to furnish a refrigerator car such as would afford proper protection for the character of service specified, the remedy is afforded by the common law; and the carrier is liable under common-law rules and principles for any damage occasioned by its negligence in failing so to do. "It is the primary duty of the common carrier to furnish vehicles suitable in every respect in building strength, and mode of construction, for the safe transportation of the various kinds of property which are usually carried by it, and any failure to observe its duty in this regard will render it liable for loss or injury caused thereby." 10 C. J. 85. Under the evidence submitted on this issue, it was for the jury to say whether the defendant had carried the burden imposed upon it by showing, as it sought to do, that the loss was brought about by the inherent disease referred to, and, if so, whether it was free from negligence contributing thereto. Upon the first of these propositions, the jury, in determining the existence and effect of such alleged inherent vice, could consider not only the testimony bearing directly upon that question, but might also consider in connection therewith all the surrounding facts and circumstances throwing light upon such ultimate question by a process of elimination. Upon the second proposition,—that is, the question as to defendant's negligence,—there was no dispute except as to the question as to proper refrigeration, and no contention is made as to that, except as to whether the car furnished, when re-iced at all regularly established icing stations, could and did afford the proper amount of protecting refrigeration for the shipment. Un-

der the conflict of the testimony upon that issue the jury were authorized to find that the shipment lacked proper refrigeration on account of the inefficiency of the car furnished by the defendant, when re-iced at the ordinary icing stations, between the points of shipment, and that the furnishing of such an inefficient car constituted negligence contributing to the damage sustained.

*Judgment on the first count affirmed; and on the remaining count, designated as No. 3, reversed. Stephens and Bell, JJ., concur.*