18454, 18483. WALKER COMPANY *v.* ATLANTIC COAST-LINE RAILROAD COMPANY; and *vice versa.*

JENKINS, P. J. 1. Under the Carmack amendment to the interstate-commerce act, a suit on a bill of lading, for loss or damage to freight, may be maintained by the lawful holder of the bill of lading, or by "any party entitled to recover thereon." *Central of Ga. Ry. Co,* v,

*Evans*, 35 *Ga. App.* 454, 438 (133 S. E. 308). Actual possession of a bill of lading is not a prerequisite to the right to sue. Norfolk Southern R. Co. *v.* Norfolk Truckers Exchange, 118 Va. 650 (4), 656 (88 S. E. 318); 10 C. J. 354, § 525. Accordingly the petition in the instant case which set forth a purported copy of the bill of lading issued to the plaintiff, and a transfer and assignment thereon of all the rights of the consignee named therein to "all properties described and covered therein," was not subject to general demurrer in that it failed to show the right of the plaintiff to maintain an action on the bill of lading. Especially is this true where it appears from the allegations of the petition that the original bill of lading had been surrendered to the defendant carrier.

2. The petition as amended, which set forth the number of sacks of potatoes shipped by the plaintiff, and the gross weight of the shipment, the value of the entire shipment, and the percentage of damaged potatoes, the sale of the undamaged potatoes and the amount derived therefrom, was not subject to special demurrer as being too vague and indefinite to put the defendant on notice of what it was required to meet and defend. There being no error in overruling the general and special demurrer of the defendant, the judgment complained of in the cross-bill of exceptions must be affirmed.

3. There was proof for the plaintiff shipper that the potatoes shipped over the defendant's railroad had been sold to the order-notify consignee named in the bill of lading, which was introduced without objection, at an agreed price; that eighty-five per cent. of the potatoes contained in the car were found to be frozen and worthless when the car was opened and examined at its destination; that the potatoes were sorted and the saleable ones disposed of by the order notify consignee at a price set by such consignee which was "the market price," and the written evidences of such sales were testified about by that witness. Under the rulings in *Collins & Glennville R. Co.* v. *Beasley*, 36 *Ga. App.* 241 (136 S. E. 167), the evidence was such as might have enabled the jury to estimate the damages sustained by the plaintiff, and the court erred in granting a nonsuit. See, in this connection, *Atlantic Coast Line R. Co.* v. *Harris*, 1 *Ga. App.* 667 (57 S. E. 1030).

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Stephens and Bell, JJ., concur.*

DECIDED JUNE 15, 1928.

*W. G. Thomas*, for plaintiff.
*Wilson, Bennett & Pedrick, Clark & Gibbs*, for defendant.