19438. LAYTON *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

JENKINS, P. J. 1. Under the Carmack amendment·to the interstate-commerce act, a suit on a bill of lading for loss of or damage to freight shall be maintained by the holder of the bill of lading, or by the party entitled to recover thereon. This does not mean that a suit can be maintained by one whose mere physical possession of the bill is wrongful, or which amounts to nothing more than that of a fiduciary custodian for the actual owner (*Central of Ga. Ry. Co.* v. *Evans,* 35 *Ga. App.* 438 (134 S. E. 122); but under the Cummins amendment, the "holder" of a bill of lading, such as is entitled to maintain an action thereon, means "a person who has both actual possession of such bill, and a right of property therein." Whatever may have been the right of the plaintiff in actual possession of the bill of lading to sue as a factor who had, in his own name and on his own credit, sold the goods of his client placed in his actual custody and control, and accounted to his client for the proceeds (Civil Code of 1910, §§ 3487, 3502, 3609), it is unnecessary to determine, since it appeared that prior to the institution of the action the legal title of the bill of lading had been transferred to the plaintiff, who had thus acted, which gave him a "right of property therein," such as would meet the requirements of the Cummins amendment. *Walker Co.* v. *Atlantic Coast Line R. Co.,* 38 *Ga. App.* 284 (143 S. E. 782).

2. Pretermitting any determination of the question as to whether a claim for damages against the defendant carrier must have been filed with it in a case where, under the evidence, the jury might have found that the defendant was negligent in the handling of the goods, in view of the provisions of the federal statute that the filing of claims shall not be necessary where property is damaged in transit by carelessness or negligence (U. S. Code, title 49, § 20, par. 11), and also pretermitting any determination of the question as to whether the failure to file claim is a matter of defense which must be specially pleaded (*Hatch v. Minneapolis &c. Ry. Co.,* 15 N. D. 490, 107 N. W. 1087), the claim for damages as actually made within the time prescribed by the bill of lading, by the plaintiff acting as the factor who had sold the goods, and who subsequently became the owner by transfer of the bill of lading, was as binding as if made by the·person for whom the factor was acting. *Nelson v. Union Pac. R. Co.,* 116 Kan. 35 (225 Pac. 1065); *Beltrami Creamery Asso.* v. *Am. Ry. Ex. Co.,* 160 Minn. 221 (199 N. W. 568); *United Brokers Co.* v. *So. Pac. Co.,* 86 Or. 607 (169 Pac. 114, Ann. Cas. 1918D, 814); *The D. Harvey,* 139 Fed. 755.

3. Under the foregoing rulings, the court erred in granting a nonsuit.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 7, 1929.

*John R. L. Smith, Joseph LeConte Smith, George A. Pindar,* for plaintiff.

*Arnold & Battle,* for defendant.