### 22196. LOUISVILLE & NASHVILLE RAILROAD Co. *et al.* v. CAMPBELL LUMBER·COMPANY.

JENKINS, P. J. 1. Under the act of Congress approved August 29, 1916 (39 Stat. 540; U. S. C. A. title 49, § 89), a carrier is justified in delivering goods to one who is "(b) the consignee named in a straight bill for the goods," but it is further provided by the succeeding section of that act (§ 90), that if a carrier delivers goods to one who is not lawfully entitled to the possession of them, the carrier shall be liable to any one having a right of property or possession in the goods if he delivered them otherwise than as authorized by subdivisions (b) and (c) of the preceding section; "and, though he delivered the goods as authorized

by either of said subdivisions, he shall be so liable if prior to such delivery he (a) had been requested, by or on behalf of a person having a right of property or possession in the goods, not to make such delivery, or (b) had information at the time of the delivery that it was to a person not lawfully entitled to the possession of the goods."

2. It has been held that where the owner of goods ships them under a "straight bill" of lading, the goods are still under his control, and he can divert the shipment, reclaim the goods, convey them to a third person, or stop them in transitu. Tennessee Egg Co. v. Monroe, 151 Tenn. 121, 129 (268 S. W. 372), s. c. 269 U. S. 580 (46 Sup. Ct. 105); Continental National Bank v. Tremont Trust Co., 4 Fed. (2d) 219, 221. And that "the act makes the carrier liable unless it delivers to the consignee named in a straight bill, and even then is liable, if prior to such delivery it 'had been requested by, or on behalf of a person having a right of property in the goods not to make such delivery.' " In re Taub, 7 Fed. (2d) 447, 450.

3. Under the terms of the interstate-commerce act a common carrier receiving property for transportation from a point in one State to a point in another State is required to issue a receipt or bill of lading therefor, and "shall be liable to the lawful holder thereof for any loss, damage, or injury to such property, caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading." U. S. C. A. title 49, § 20. The "holder" of a bill of lading means a person who has both actual possession of said bill and a right of property therein. *Central of Ga. Ry. Co.* v. *Evans,* 35 *Ga. App.* 438 (134 S. E. 122).

4. Under the foregoing rulings, the petition in the instant suit by a consignor of goods against the initial carrier sets forth a cause of action where it is alleged that the goods were shipped on a straight bill of lading to a consignee in another State, and were delivered by the connecting carrier to the consignee after and notwithstanding notice from the consignor to the defendant not to do so, to the loss and damage of the plaintiff consignor in the amount of the purchase-price of the goods. Since it appears, without dispute, that the consignor had sold the goods for cash, and that upon the failure of the consignee to pay the draft drawn for the purchase-price, with the bill of lading attached, and had notified the defendant carrier not to deliver the goods to the consignee, which notice was transmitted to the connecting carrier, and that thereafter the goods were in fact delivered to the consignee, the verdict in favor of the plaintiff was demanded. The fact that the consignor may have been indebted to the consignee at the time of the shipment of the goods would afford the carrier no defense, since the goods were sold for cash, and the consignor was therefore authorized, both under the Georgia statute (Civil Code of 1910, § 4132), and under the provisions of the Federal statute, to stop them in transitu. The rule laid down in *Southern Railway Co.* v. *Kinchen,* 103 *Ga.* 186 (4) (29 S. E. 816), and *Callaway* v. *Southern Ry. Co.,* 126 *Ga.* 192 (55 S. E. 22), where, after the unauthorized delivery of goods to the consignee, the consignor accepted from the consignee evidence of indebtedness for the goods, and was thereby

held to have waived any claim against the carrier, has no application to the instant case, where no such facts appear.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided October 28, 1932.

*Reuben M. Tuck, Miles W. Lewis,* for plaintiffs in error.
*King & Hay,* contra.