R. W. GEES COMMISSION COMPANY, a Corporation, Respondent, v. ILLINOIS CENTRAL RAILROAD CO., a Corporation, Appellant.

**Kansas City Court of Appeals, June 12, 1916.**

**CARRIERS OF GOODS: Damages: Delay in Transportation: Notice to Carrier.** In a suit upon the carrier's common-law liability for damages to a shipment of berries, the fact that the notice to the carrier that claim for damages would be

made, gave negligent delay as the cause, will not defeat the case where the notice given afforded the carrier a fair opportunity to investigate the loss at a time when the facts were fresh and the information readily obtainable, and the notice did not mislead the carrier so as to prevent an investigation as to the real cause or the merits of the claim.

Appeal from Jackson Circuit Court.—*Hon. Cliff Langsdale*, Special Judge.

AFFIRMED.

George Kingsley for appellant.

Hal R. Lebrecht, D. E. Black and A. J. Bolinger for respondent.

TRIMBLE, J.—This is a suit for damages arising out of a shipment of strawberries from Independence, Louisiana, to Kansas City, Missouri. It was brought under the Carmack Amendment against the initial carrier. The petition did not charge negligence but was based upon the common-law liability of a carrier for failure to deliver in good condition, which liability the Amendment imposes upon the initial carrier without regard to whether the injury occurred on its line or not.

The contract of shipment contained a provision for notice of loss, which provision reads as follows:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property. Unless claims are so made the carrier shall not be liable."

The petition alleged all the facts necessary to establish an interstate shipment, and that the berries were delivered to defendant, the initial carrier, in good condition but when they arrived in Kansas City and were delivered to the plaintiff consignee they were in

a damaged condition, being mildewed and decayed. Evidence was adduced supporting all the allegations of the petition, particularly those concerning the condition of the berries at the points of origin and destination; also that berries properly cared for en route would not spoil, by reason of inherent weakness, in the time these berries occupied in coming from Independence, Louisiana, to Kansas City.

The defendant introduced no evidence but stood on a demurrer offered to the evidence of plaintiff. Its sole defense is that the notice plaintiff gave of his loss did not comply with the above quoted clause of the shipping contract. The point of defendant's objection is that the notice given by plaintiff was of a claim for damages "on account of delay" and for this reason plaintiff was precluded from suing upon any other ground.

The shipment arrived April 7, 1911, and on the same day plaintiff paid the freight bill. The agent of the Missouri Pacific Railway, being the delivering or terminal carrier, made a notation on the freight bill "berries mildewed and some decay." On the same day, April 7, 1911, plaintiff served upon the Missouri Pacific Railway Company a written notice which read as follows:

"You are hereby notified that a consignment of 648 cases of strawberries, loaded in car I. C. 59435, arrived at your station about 11 o'clock a. m. this date, over the Missouri Pacific Railway, said car having been started from originating point on the 3rd.

We are greatly damaged financially by cause of unreasonable delay in transportation caused by the negligence of said Missouri Pacfic Railway Company and connecting carriers.

As owners of said merchandise, or as representatives of said owners, we hereby make claim and demand upon said Missouri Pacific Railway Company,

and all interested connecting carriers for the sum of three hundred dollars, $300, damages by reason of the premises.

If, on final disposition of this consignment, the loss shall prove more or less than $300, we will so advise you and amend claim accordingly.''

On May 9, 1911, or within a day or two thereafter (being only a little over a month after-delivery), the plaintiff served upon the Missouri Pacific Railway another written claim ''for damages account of delay'' setting out all the facts consignee knew concerning the shipment and damage. This written claim gave the date of shipment, by whom and to whom shipped, the place the shipment originated, the destination thereof, the routing, the number and initials of the car, and the exact hour and day of its arrival. This written claim also gave the original price of the berries, the amount realized on the sale thereof, and stated that plaintiff claimed damages for the difference between the amount paid for the berries and the amount realized for their sale, which difference was stated to be $443.70. (This was the amount sued for.) The claim also referred to the above mentioned Expense Bill of freight as being attached thereto. This Expense Bill, attached to said claim, bore on its face the notation hereinabove stated as made by the Missouri Pacific Freight Agent, to-wit, ''berries mildewed and some decay.'' The terminal carrier, the Missouri Pacific Railroad Company, acknowledged receipt of this claim by postal card May 13, 1911.

The purpose of requiring notice is to give the carrier a fair opportunity to investigate the merits of the alleged loss so that unjust claims may be thwarted; to give the carrier an opportunity to investigate the merits of the claim when the facts are fresh and the information is readily obtainable. [Equity Elevator Co. v. Union Pacific R. Co., 177 S. W. 773; Pecos etc. R.

MARCH TERM, 1916. 681

Gees Comm. Co. v. Ill. Cent. R. R. Co.

Co. v. Holmes, 177 S. W. 505, l. c. 507; Southern Express Co. v.x Caldwell, 21 Wall (U. S.) 272.] It may be that if a shipper by his notice *misleads* a carrier as to the facts involved in the loss or damage claimed, so that the latter, relying upon the notice, examines the facts solely with reference to the claim presented, the former ought not to be allowed to recover upon a cause of action involving matters wholly and entirely different from those involved in the notice, and to which attention was called by it, for, as to a cause of action depending upon such other matters, the situation would be the same as if no notice at all had been given. In other words, if the notice given did not afford the carrier the opportunity to investigate and, therefore, did not fulfill the purpose for which notice was required, the notice given might well be adjudged to be no notice at all. But such a situation does not present itself here.

It will be observed that both of the two notices given were within the time required by the contract. It will also be observed that the notice, at least the last one, clearly showed that the loss or damage claimed was on account of *the condition of the berries* when delivered. The second notice referred to the expense bill attached, and it said, in a notation placed thereon by the terminal carrier's agent, "berries mildewed and some decay." The *damaged condition* of the berries was, therefore, the subject of the plaintiff's claim. The carrier, being notified of the condition of the berries and that this was the subject of the claim, had every opportunity to investigate the facts of such condition, and to inquire into every possible cause of such condition for which the carrier would or would not be liable. The fact that the shipper in said notice stated what he thought was the cause did not mislead the carrier so as to induce it to overlook or lose any evidence of any possible defense it might have. Be-

cause, whether the suit be for negligent delay or upon the common-law liability for failure to deliver in a sound condition, the condition of the berries and the cause of such condition would be an important element for investigation by the carrier. If, merely because the notice specified negligent delay as a cause, the plaintiff is required to sue upon the ground stated, then greater strictness will be required of the notice than of the petition in a suit for damage. But the provision in the contract does not require such strictness, nor does it require anything to be stated as to the cause of the damage. The stipulation for notice of the claim for damages within a specified time is not to be construed strictly as against the shipper, but liberally in his favor. [2 Michie on Carriers, sec. 2016.] "A substantial compliance with the provision of the contract is all that is required of the shipper especially where the carrier is given notice and opportunity to inspect on arrival at destination." [2 Michie on Carriers, sec. 2032.] In the case of Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., decided by the Supreme Court of the United States May 8, 1916, and, perhaps, not yet officially reported, it is said the purpose of the stipulation for notice "is not to escape liability but to facilitate prompt investigation." It was further said that the stipulation (being precisely the same as in the case at bar), "does not require documents in a particular form. It is addressed to a practical exigency and is to be construed in a practical way." In that case the Supreme Court held that a telegram was a valid notice since "it sufficiently apprised the carrier of the character of the claim." Applying the remarks in that case to the facts in this, we think the notice given sufficiently apprised the carrier of the character of the claim which was one for loss on account of the condition of the berries on their arrival. Under the law as it now exists, the initial carrier was liable without regard to

the cause of the damage unless the cause was solely the inherent weakness of the berries. Plaintiff's loss existed no matter what was the cause. He could sue either upon negligence or upon the carrier's liability for failure to deliver in a sound condition. In the latter case he would not have to state the cause, and the carrier would be liable unless it could establish to the satisfaction of the court and jury that the cause of the damage was one for which the carrier is exempt under the common law. Now the cause of the damage was one within the knowledge of the shipper rather than of the consignee. If, after apprising the carrier of the fact of the loss and that a claim would be demanded, the shipper chose to sue merely upon the failure to deliver in a sound condition, or in other words, without stating the cause of the loss, the carrier has not been misled or prejudical, since its liability under the law called upon it to investigate every possible cause of the damage in order to be in a position to completely defend either action. The provision for notice does not call for anything beyond the notice that *claim* will be made *for the loss;* there was no requirement for notice of the kind of action that would be brought. Unless the notice, by specifying delay as a cause, so misled the defendant as to defeat the purpose of the provision requiring a notice, plaintiff's cause of action should not be destroyed upon the ground that the notice he gave was in fact no notice. It is nowhere shown that the defendant was misled or that the purpose of the notice provision was defeated in any way. Nor can we so declare as a matter of law.

It follows that the judgment must be affirmed. It is so ordered. The other judges concur.