## MRS. C. M. BENSON v. JAMES C. DAVIS, DIRECTOR GENERAL OF RAILWAYS, AS AGENT.[1]

July 20, 1923.

No. 23,472.

**Claim for loss of goods shipped by freight sufficient.**

1. A bill of lading requirement that claims for loss of, or damage to, goods shipped by freight, must be made in writing, is fulfilled by a letter describing generally the lost parcels, and listing the contents. It is sufficient if the carrier is given notice of the loss or damage, even though no formal demand for money damages is made.

**Claim must be made within time specified in bill of lading.**

2. Under such a requirement, a sufficient claim must be made in writing within the time limited, or there can be no recovery.

Action in the municipal court of Minneapolis to recover $275 for loss of part of a shipment of goods. The case was tried before Reed, J., who made findings and ordered judgment in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*O. A. Brecke*, for appellant.

*R. L. Kennedy, Fred G. Wright* and *C. F. Dames*, for respondent.

STONE, J.

This is an action to recover from the initial carrier, damages for the loss of a part of a shipment of household goods which were delivered to the Chicago & North Western Railway Company at Walnut Grove, Minnesota, on January 20, 1920, for transportation by freight to a consignee at Winnipeg. The shipment was made under an order bill of lading, one of the conditions of which is this: "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or de-

[1]Reported in 194 N. W. 771.

livering carrier within six months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export), or, in case of failure to make delivery, then within six months (or nine months in case of export traffic) after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." (The effect generally of such a provision was considered in Carbic Mnfg. Co. v. Western Express Co. 149 Minn. 467, 184 N. W. 35.)

The evidence does not show when the goods arrived at Winnipeg, nor has either party by evidence shown what is a reasonable time for a shipment of this kind between Walnut Grove and Winnipeg. Delivery of the goods at Winnipeg was not demanded until some time in July, 1920. Then there was a shortage of three parcels. They were lost in transit, and the plaintiff, the consignor, now seeks to recover their value.

The principal defense is that no claim was made for the loss within a reasonable time as required by the bill of lading. There was a trial by the court without a jury, resulting in finding for defendant. Plaintiff appeals from the order denying her motion for a new trial.

1. If any claim was made, it was not until November 25, 1920, more than 10 months after the shipment from Walnut Grove. Then the plaintiff wrote to the freight claim auditor of the Chicago & North Western Railway Company a letter in which she states that she has "written * * * in regards to some goods that were shipped over your road from Walnut Grove, Minnesota, to Winnipeg, Manitoba." She proceeds to give "a few details" and goes on to say that there were 12 parcels and that she had received all of them except three. She asks that the matter be looked into, and on a separate sheet lists the "articles which are in the missing parcels." We hold this to be a sufficient claim within the doctrine of Georgia, F. & A. Ry. Co. v. Blish Milling Co. 241 U. S. 190, 36 Sup. Ct. 541, 60 L. ed. 948. See also St. Louis, I. M. & S. Ry. Co.

v. Cumbie, 101 Ark. 172, 141 S. W. 939; Snyder v. King, 199 Mich. 345, 165 N. W. 840; E. H. Emery & Co. v. Wabash Ry. Co. 183 Iowa, 687, 166 N. W. 600, 605. The principal object of the claim is to give notice of loss or damage so that an investigation may be made by the carrier. The plaintiff's letter gave such notice. For that reason we think that it fulfilled the contract requirement in question.

2. This brings us to the question of whether the claim was filed within a reasonable time after delivery, or "after a reasonable time for delivery has elapsed." We could come to a more satisfactory decision, if the record contained proof as to what is a reasonable time, for the transportation of freight of this kind from Walnut Grove, Minnesota, to Winnipeg, Manitoba. On that point the record is silent, and because the making of the claim within the required time is by the bill of lading, the contract controlling the case, a condition precedent to the plaintiff's right of recovery, we hold that it was incumbent upon her to plead and prove the fulfilment of the condition. That has not been done. Therefore the plaintiff has not established a case.

In arriving at this decision we have not overlooked the contention, and it seems a proper one, that we are dealing with an export shipment, and therefore that the 9 months' provision applying in case of export traffic, is the controlling one. At that even, there is great force in the argument on behalf of respondent, that we should take judicial notice that there was a delay of more than 9 months in making the claim. An allowance of 30 days for the shipment from Walnut Grove to Winnipeg, a distance of approximately 600 miles, is probably double what is normally required. Such allowance would fix February 20 as a late date for reasonable delivery. No claim was made until more than 9 months thereafter. But we do not decide the case upon that ground. We treat it as merely one where an essential element of plaintiff's cause of action was not proven. Therefore, the decision for defendant is right.

The order appealed from is affirmed.