## BELTRAMI CO-OPERATIVE CREAMERY ASSOCIATION v. AMERICAN RAILWAY EXPRESS COMPANY.[1]

July 18, 1924.

No. 24,087.

**Claim by consignee against express company for loss is sufficient.**

1. A claim for loss in transit required by an express receipt is sufficient when made by the consignee, although the consignor is the real party in interest.

**Sixteen days not unreasonable time for delivery in this case.**

2. Under the facts of this case, particularly the proof concerning strike conditions, a finding of fact that 16 days was not an unreasonable time for the delivery of an express shipment originating at Beltrami, Minnesota, and consigned to New York City cannot be disturbed.

Action in the district court for Polk county to recover $460. The case was tried before Watts, J., who made findings and ordered judgment for $390.82. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*E. O. Hagen,* for appellant.

*A. A. Miller* and *L. S. Miller,* for respondent.

[1]Reported in 199 N. W. 568.

STONE, J.

Action to recover the value of a shipment of butter lost in transit between Beltrami, Minnesota, and New York City. After trial by the court, there were findings for plaintiff and an order for judgment accordingly. From the denial of its motion for a new trial, defendant appeals.

The shipment was made under an express receipt reading in part as follows:

"Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carriers within four months after delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed."

The property in question was delivered to defendant at Beltrami and the express receipt executed and delivered to plaintiff on May 20, 1920. It consisted of 12 tubs of butter which never reached the consignee in New York City. It is not a case of damage, but of loss in transit. No claim was made by anyone until October 6, 1920, when the consignee submitted to defendant at New York a statement of the claim in the form of a bill with the notation: "Shipment short from Beltrami Cry Co., Beltrami Minn." Subsequent correspondence indicates that this claim was treated by defendant as having been "entered" by the consignees on October 6. That it was received by defendant on or about the date it was mailed is not denied.

Later, plaintiff filed a claim with defendant but the case does not depend upon that because, in any event, it was not filed until long after the expiration of the time limited by the receipt for the filing of claims. The case for plaintiff must stand or fall upon the notice of claim by the consignees on October 6, 1920.

The argument that, inasmuch as that claim was made by the consignees, the consignor (plaintiff here) cannot have the benefit of

it, is not persuasive. The uniform express receipt does not require claims by either consignor or consignee. It does require that, within the time limited, claims be made in writing by someone. The purpose is to give notice of the claim and of the transaction out of which it arises so that the carrier may make its investigation. If that purpose is accomplished the notice is sufficient even though it is given by the consignee, and the consignor is the real party in interest. Compare Benson v. Davis, 156 Minn. 354, 194 N. W. 771, and cases cited.

The main issue here is one of fact. The shipment was made May 20, and the notice of claim was not given until October 6 following.

A period of 4 months and 16 days had elapsed and if 16 days is an unreasonable time for the delivery of an express shipment originating at Beltrami, Minnesota, and consigned to New York City, the plaintiff cannot prevail. It is a question of fact, in this case resolved in favor of plaintiff by the learned trial judge. We do not find in the record a sufficient lack of supporting testimony to justify a reversal.

The evidence does not leave in doubt the conclusion that, under normal conditions, a shipment of this kind should reach its destination in from 4 to 8 days. But at the time being, railway service was somewhat disarranged by a strike of "out-law brakemen." Railway service, in Chicago particularly, was interfered with. It is claimed that express shipments were not obstructed. The argument of fact for defendant is strong but not sufficiently so to justify us in substituting our judgment for the conclusion reached below.

Order affirmed.