H. G. BLAISDELL, Respondent, v. AMERICAN RAILWAY EX-
PRESS COMPANY, a Corporation, Appellant.

(220 N. W. 634.)

Carriers — service of summons in action in justice court to recover for mis-
delivery of express held sufficient as written claim for damage.

: 1. The conditions of a contract of carriage providing: ". . . as condi-
tions precedent to recovery claims must be made in writing to the originating
or delivering carriers within six months after delivery of the property or, in
case of failure to make delivery, then within six months and fifteen days after
date of shipment; and suits for loss, damage or delay shall be instituted only
within two years and one day after the date when notice in writing is given
by the carrier to the claimant that the carrier has disallowed the claim or
any part or parts thereof," are satisfied with respect to the making of a written
claim of damage on account of misdelivery of the shipment by the service
upon the carrier of summons in a justice court action to recover therefor within
the time for the making of such claim of damage, so as to warrant a recovery.

Carriers — delivery by carrier contrary to contract for C. O. D. delivery
constitutes conversion.

2. Where a carrier of express accepts a shipment under a C. O. D. con-
tract, a delivery to the consignee in violation of the terms of the contract to
collect the C. O. D. charge is authorized, amounts to a misdelivery, and con-
stitutes a conversion.

Carriers — return or offer to return property without consent of consignor
cannot destroy his cause of action for conversion.

3. Where a cause of action has accrued to the consignor of property on
account of its conversion through misdelivery by the carrier, the latter cannot
destroy such cause of action by a return of, or an offer to return, the property
to the consignor without his assent.

Opinion filed June 2, 1928.

Carriers, 10 C. J. § 377 p. 262 n. 64; § 393 p. 274 n. 72; § 397 p. 278 n. 31; §
489 p. 336 n. 16.

Appeal from the District Court of Ward County, Lowe, J.
Action for damages for conversion.

Note.—(2) On duty and liability of carrier as to delivery of goods sent C. O. D.,
See 4 R. C. L. 836; 6 R. C. L. Supp. 274.

From a judgment for the plaintiff and from an order denying its motion for judgment notwithstanding the verdict or for a new trial, the defendant appeals.

Affirmed.

*Dudley L. Nash,* for appellant.

*L. E. Blaisdell,* for respondent.

Nuessle, Ch. J. This action was brought to recover damages for the conversion of certain personal property belonging to the plaintiff.

The defendant is a common carrier of express. On October 31, 1925, the plaintiff shipped the property in question C. O. D. from Minot, North Dakota, to Minneapolis, Minnesota. Through mistake of the defendant the shipment was billed as an open shipment. When the shipment arrived at Minneapolis on November 4th it was delivered to the consignee as an open shipment, the consignee paying the carriage charges. On November 12, 1925, plaintiff, having learned of this delivery, demanded from the defendant's agent at Minot the sum of $175, the C. O. D. charge. This demand was refused. On November 20th defendant's agent notified the plaintiff that it would make an effort to secure the return of the shipment. Whereupon the plaintiff said that he would not accept it and would hold defendant for the sum of $175, the amount of the C. O. D. charge. On December 1, 1925, the defendant refunded the carriage charges to the consignee, regained possession of the shipment, and placed it in its Minneapolis office subject to the plaintiff's disposal and on December 3d gave notice to the plaintiff accordingly. Nothing further was done by the defendant with respect to the matter. The shipment was consigned subject to the classifications and tariffs in effect on October 31, 1925, and pursuant to certain terms and conditions in writing as follows:

"Unless caused in whole or in part by its own negligence or that of its agent, the company shall not be liable for loss, damage or delay caused by . . . the examination by or partial delivery to, the consignee of the C. O. D. shipments."

"Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery

claims must be made in writing to the originating or delivering carriers within six months after delivery of the property or, in case of failure to make delivery, then within six months and fifteen days after date of shipment; and suits for loss, damage or delay shall be instituted only within two years and one day after the date when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof."

"If any C. O. D. is not paid within thirty·days after notice of nondelivery has been mailed to the shipper the company may at its option return the property to the consignor."

No written claim for damages was served upon the carrier. The instant action was begun in justice court on December 1, 1925. Prior to the beginning of the action the usual conciliation notice as required by chapter 38, Session Laws 1921, was given to the defendant. Whether this notice was written or oral does not appear. The plaintiff had judgment in the justice court and defendant appealed. On the trial of the cause in the district court it was stipulated that the value of the shipment in question was $175. The district court found for the plaintiff and judgment was ordered accordingly. Thereupon the defendant perfected this appeal.

The appellant urges but two propositions in support of the appeal. First that the action was prematurely brought, for that no written claim of damages was ever served by the plaintiff upon the defendant; and, second, that the C. O. D. contract was a special contract and that no action in conversion can be predicated on account of a breach thereof.

In support of its first contention appellant urges that the shipment was an interstate shipment; that the contract of carriage was made subject to the classifications and tariffs in effect at that time; that under the terms of the contract no action on account of misdelivery could be brought until after the service upon the defendant of a claim of damages in writing, and that this was not done; that being an interstate shipment it was subject to the provisions of the Federal statutes relating to interstate commerce; that under the provisions of the Federal statutes the defendant could not waive the making of claim as required by the contract and, therefore, the action was prematurely brought.

Unquestionably the shipment was an interstate shipment and thus subject to the provisions of the Federal statutes. The fact that the action is in conversion rather than in contract can make no difference with respect to the requirement that the Federal statute be observed. American R. Exp. Co. v. Levee, 263 U. S. 19, 68 L. ed. 140, 44 Sup. Ct. Rep. 11; Georgia F. & A. R. Co. v. Blish Mill. Co. 241 U. S. 190, 60 L. ed. 948, 36 Sup. Ct. Rep. 541. Nor could the defendant waive the making of the claim as required by the contract. Georgia, F. & A. R. Co. v. Blish Mill. Co. supra. Therefore, the action was prematurely brought unless it can be said that what was done with respect to the matter, including the bringing of the suit itself, amounts to the making of the required claim of damages.

The contract requires that claims for damages must be made in writing upon the carrier within six months after the delivery of the property or, in case of failure to make delivery, then within six months and fifteen days after notice of shipment. This action was brought within thirty days after the date of shipment. It was initiated by the service of a written summons. The claim for damages was clearly stated in the process served upon the defendant. The plaintiff contends that thus the requirements of the contract with respect to the making of the claim were complied with.

We think there is substance to this contention. The purpose of the provision requiring that claim for damages be made was a proper one. It was not to escape liability but to facilitate prompt investigation. Georgia, F. & A. R. Co. v. Blish Mill. Co. supra. The contract reads that no recovery can be had until after the making of claim in writing for the damage. There is no requirement that such claim be made before suit brought. Surely the terms of the contract would have been complied with if the claim in writing had been made, and thereafter, but at once, summons had been served. It is true that the contract further provides that suits for damages shall be instituted only within two years and one day after notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof. However, the purpose of this provision is not to fix a time prior to which suits cannot be brought, but to fix a limit after which they cannot be brought. It seems to us that no advantage could be gained by the carrier in having a separate written claim

served upon it distinct from the summons and complaint in an action provided, of course, that the action be begun and service had within the time stipulated for the making of the claim. Here this was done. The suit was brought within thirty days after the date of shipment. We therefore hold that the action was not prematurely brought. See in this connection Southern Exp. Co. v. Ruth, 183 Ala. 493, 59 So. 538, Ann. Cas. 1915D, 871; Missouri, K. & T. R. Co. v. Neale, — Tex. Civ. App. —, 176 S. W. 85; Wichita Valley R. Co. v. Boger, — Tex. Civ. App. —, 167 S. W. 767.

The defendant's second contention is that no action in conversion can be predicated on account of the breach of the C. O. D. contract. Defendant urges that the C. O. D. contract was a special contract; that a delivery contrary to the terms thereof gave rise to an action in contract for the breach thereof but not for a conversion. While the carrier was under no common-law duty to collect the C. O. D. charges, nevertheless, it contracted to do so. A delivery in violation of the terms of the contract was unauthorized and amounted to a misdelivery. Cox v. Columbus & W. R. Co. 91 Ala. 392, 8 So. 824; Murray v. Warner, 55 N. H. 546, 20 Am. Rep. 227; 10 C. J. 278. And a misdelivery constitutes a conversion. Waldron v. Chicago & N. W. R. Co. 1 Dak. 351, 46 N. W. 456; Bowers, Conversion, § 105; 10 C. J. 262, and cases cited. Thus there was a conversion and damage to the amount of the C. O. D. charge. Jellett v. St. Paul, M. & M. R. Co. 30 Minn. 265, 15 N. W. 237; 10 C. J. 274. It is true that under the terms of the contract the defendant had the option to return the property to the plaintiff in case the C. O. D. charges were not paid within thirty days after notice of nondelivery was mailed to the plaintiff. It is likewise true that the consignee refused to pay the charges and that the defendant recovered the property within thirty days after the date of the shipment. But since the defendant delivered the shipment without collecting the charges, the same then passed out of its custody and control and at once a conversion resulted. The fact that subsequently the defendant repossessed itself of the property and tendered it back to the plaintiff did not have the effect of wiping out the conversion. Woolley v. Carter, 7 N. J. L. 85, 11 Am. Dec. 520; Bowers, Conversion, § 627; note in 24 Am. St. Rep. p. 811.

The judgment of the district court was right and is affirmed.

CHRISTIANSON, BURKE, and BIRDZELL, JJ., concur.

BURR, J. I concur in the result. Under the quoted terms of the contract the shipper must give written notice of his claim so the company may investigate. After the company has given notice of the rejection of the claim the shipper has two years and one day in which to bring suit, for the contract says "suit . . . shall be instituted only *within* two years and one day *after* the date when notice in writing is given by the carrier." A strict construction would lead to the conclusion the suit was brought prematurely. But there is no time stated when this notice of rejection must be given. The carrier might hold the claim indefinitely without rejecting it. Where the shipper's right to suit is dependent upon such arbitrary act it is unreasonable to permit such provision to stand. As said in Cook v. Northern P. R. Co. 32 N. D. 340, 351, L.R.A.1916D, 345, 155 N. W. 867.

"Where a shipping contract limits the time within which an action for damages must be brought such time must be not only reasonable, but there must be prompt action on the part of the carrier in denying its liability, to the end that the shipper may be duly apprised of the fact that suit will be necessary."