No. 17,109.

DILLON *v.* GOLDSTEIN ET AL.

(268 P. [2d] 699)

Decided March 29, 1954.

Messrs. CRANSTON & ARTHUR, for plaintiff in error.

Mr. JULIUS I. GINSBERG, for defendant in error Goldstein Refrigerator Line.

Messrs. O'NEILL & O'NEILL, for defendant in error Riss and Company.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

As assignee, plaintiff in error Dillon, on January 25, 1952, filed her complaint against defendants in error to recover $447.75 for failure to deliver a three hundred and fifty pound shipment of plastic, which the assignor, Merten Upholstery Company of Pueblo, Colorado, on

June 15, 1950, delivered to defendants in error, whom we will hereinafter designate as Goldstein. Goldstein, a Pueblo concern, transported the goods to Denver and turned the shipment over to Riss and Company, which was joined 'as the third-party defendant.

The case was submitted to the trial court upon a stipulation of facts. After hearing, third-party defendant moved for a summary judgment, which was granted, and the court entered judgment for defendants and the third-party defendant and against plaintiff, apparently on the ground of the failure of plaintiff or her assignor to file a written claim within nine months after the failure of delivery, as provided by the bill of lading issued to the original shipper by the initial carrier. We are reviewing that judgment on a writ of error issued in due course.

Plaintiffs' Exhibit A is the undated bill of lading issued by defendants Goldstein to Merten Upholstery Company at the time of the acceptance of the goods for shipment; which contains the usual clause concerning claims for loss and is in the following language: "As a condition precedent to recovery, claims must be filed in writing with the receiving or delivering carrier, or carrier issuing the bill of lading * * * within nine months after delivery of property, * * * or in case of failure to make delivery, within nine months after a reasonable time for delivery has elapsed."

According to the stipulation, the shipment was not delivered to the consignee or returned to the shipper or to Goldstein. The documents upon which plaintiff relies to establish his claim or notice of claim, are letters and the replies thereto exchanged within a period beginning less than nine months after July 6, 1950, and are as follows:

"Philip J. Green
Attorney at Law
Suite 1301   33 N. LaSalle St.
Chicago 2

"February 17, 1951

"Goldstein Refrigerator Line, ·
1016 N. Albany,
Pueblo, Colorado.

Re: Merten Upholstery
426 W. 5th Street
Pueblo, Colorado

"Gentlemen:

"This office represents the Merten Upholstery of Pueblo, Colorado on account of a claim against you in the sum of $456.68.

"The above claim arises from a shipment of four rolls of plastic, weight 350 pounds, from client and consigned to Fairforest Company, Clevedale, South Carolina. The consignment is evidenced by a Uniform Motor Carrier Straight Bill of Lading and signed 'Goldstein J. H. Hayes.'

"In order to avoid a law suit and the costs attached to same, I would suggest that you mail your check in the sum of $456.68 to this office by return mail.

"Very truly yours,
"PJG/jtg.                                    Philip J. Green"


"February 23, 1951

"Philip J. Green
Suite 1301   33 N. LaSalle St.
Chicago, Illinois

"Re: Merten Upholstery
Pueblo, Colo.
Our Pro No. P/7013

"Dear Mr. Green:

"We received your letter dated 2/17/51 asking that we forward to you our check in the amount of $456.68 for none (sic) delivery of a shipment from the above mentioned Merten Upholstery.

"We would like to advise that you have come about this in a very bad way, first we think you or the claimant should have advised us a long time ago that the ship-

ment had not arrived at destination so we could have traced for it. Next, please be advised that under the Interstate Commerce Commission rules and regulations we couldn't pay you the claim 'as it is filed (letterform) even if we wanted to.

"We have sent out a tracer to the connecting line for proof of final delivery, and soon as we get an answer from our tracer we will advise you of our findings.

"Very truly yours,
"Goldstein Refrigerator Line
"Howard Yelverton
Claim Agent."

"Philip J. Green
Attorney at Law
Suite 1301   33 N. LaSalle St.
Chicago 2

"Goldstein Refrigerator Line                    March 28, 1951
3434 Walnut Street
Denver 5, Colorado

Re:  Merten  Upholstery
Pueblo, Colorado.
Pro No. P/7013

"Gentlemen:

"Upon receiving your letter dated February 23, 1951, advising that a tracer would be put through with reference to the above shipment, I postdated my file to the current date.

"To date, this office has not received any further word as to this shipment and client is insisting that legal action be taken to recover the value of the shipment.

"Before taking legal action I am again postdating my file until April 9, 1951. If I do not receive your check by said date in the sum of $456.68, representing the value of the shipment, I will have no alternative but to take legal action to enforce payment.

"Very truly yours,
"PJG/jtg.                        Philip J. Green"

"March 30, 1951

"Philip J. Green
Attorney at Law
Suite 1301
33 N. LaSalle Street

Re: Merten Upholstery
Pueblo, Colorado
Pro No. P/7013

"Dear Sir:
"With reference to your letter under date of March 28, regarding a check in the amount of $456.68 representing the value of a shipment of plastic for which you claim non-delivery.
"This shipment was given to Riss & Co. at Denver for final delivery; We have traced Riss & Co., several times and to date have not received a reply.
"Under laws of the Interstate Commerce Commission we are not permitted to accept your claim in letterform. If you will favor us with completed copies of legal claim forms we will be happy to handle this as promptly as possible and advise you our findings.
"Very truly yours,
Goldstein Refrigerator Lines
Jean Pobar
Claim Dept."

It is agreed that the sole and only issue to be determined in this action is whether or not the letters above set out constitute proper written claims in accordance with the provisions of the bill of lading. To support the contention of defendants, the case of *Union Pacific R. R. Co. v. Denver Chicago Trucking Co.*, 126 Colo. 581, 253 P. (2d) 437 is relied upon as controlling. After a reading of the exhibits above set out, it should not be necessary for the reader to stand still while reading the Union Pacific Railroad Company case, supra, to make an easy distinction. The decision in that case is based upon an entirely different set of facts and is not applicable in the present action.

Following the reasoning of Mr. Justice Hughes in the case of *Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co.* 241 U. S. 190, we determine that the real effect and object of the letters above quoted apprised the carriers involved of the character of the claim well within the nine-months' period, and in view of the fact that the stipulation contained in the bill of lading does not require the documents to be in any particular form, it is sufficient if the carrier is advised within the required period in a manner sufficiently clear, that the shipment for which the loss is alleged can be identified. These letters are in writing, and they meet that particular term of the stipulation. For purposes of protection of the carrier, it is of little consequence as to, and by whom, the notice in writing is made, so long as the carrier is advised and put on notice of an apparent loss. Beyond the thought of the particularity of the form required, it is to be observed that Goldstein was aware of a claim being made, because in its letters dated February 23, 1951 and March 30, 1951, it is stated that they could not pay the claim as filed, because it was made in a letter form. It thereby is foreclosed from contending that it was not advised within the nine-months' period of a claim asserted. These letters are to be taken and read together as constituting a sufficient compliance with the requirement of the bill of lading as to the claim here involved, and we believe the Georgia, Florida & Alabama Ry. Co. v. Blish Co., case, supra, is controlling.

In keeping with the views herein expressed, the judgment of the trial court is reversed and the cause remanded with directions to the trial court to enter judgment against defendants in favor of plaintiff, and enter a judgment in the same amount in favor of third-party plaintiffs against third-party defendant, according to the stipulation upon which the case was tried.