Charles G. ROBINSON, Plaintiff
(Respondent),

v.

RAILWAY EXPRESS AGENCY, INC.,
Defendant (Appellant).

No. 30288.

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1959.

Arnot L. Sheppard, Gentry, Bryant & Sheppard, St. Louis, for appellant.

James E. Dearing, Clayton, for respondent.

DOERNER, Commissioner.

Plaintiff's action grows out of the shipment of a pair of table lamps, which he claims were damaged while being transported by defendant as a common carrier for hire. The case originated in the Magistrate Court of the County of St. Louis, Missouri, where a judgment was rendered for plaintiff in the sum of $156. On appeal to the Circuit Court of the County of St. Louis, by agreement the case was tried to the court without a jury. From an adverse judgment of the same amount, defendant has appealed to this court.

In the brief petition filed by plaintiff it is alleged that the defendant is a corporation having offices and doing business in St. Louis County, and that " * * * the Defendant ship and transport (sic) parcels"; that during the month of April 1954, plaintiff delivered the lamps in question to defendant for transportation and shipment, and paid defendant a consideration in money for such transportation and shipment; that upon the termination of the shipment the lamps were found to be irreparably damaged in that the top portion of one lamp was cracked and one of the arms thereof was broken off; that the reasonable value of the lamps prior to shipment was $156, and that after shipment they were valueless for the purpose for which they were intended; and that by reason thereof plaintiff had been damaged in the sum of $156, for which sum he prayed judgment. No responsive pleading was filed by the defendant.

To sustain his cause of action plaintiff called as his first witness his wife, Mrs. Frances W. Robinson. She testified that in March 1954, while she and her husband were in Chicago, "We purchased a pair of lamps"; that they were white china lamps with a gold trim, a sort of urn-type, with handles on the side, and that they were purchased at McVitties. She identified a bill of sale for the lamps which was introduced, showing that on March 27, 1954, Bertha McVittie had sold to "Mr. Chr. G. Robinson" a "Pair Table Lamps Comp With Covers" for $156. Mrs. Robinson related that the lamps were bought to be used on identical tables at the ends of her davenport, but that when she got them to her home she was not satisfied with them; and that she also found that one lamp did not set level because one of the little feet was bent. Having had an understanding with Mrs. McVittie that she could return the lamps if they were unsatisfactory, she testi-

fied, she delivered them to Sloan's Moving and Storage Company for packing and expressing to Mrs. McVittie, and wrote the latter that she was doing so.

There was admitted in evidence the uniform express receipt issued by the defendant at the time the shipment was received. It is dated April 5, 1954, states the shipper to be Sloan's, the consignee to be Mrs. Bertha McVittie of 5240 Sheridan Road, Chicago, Illinois, the declared value to be $200, and describes the articles as one box of lamps and two cartons of shades, aggregating 71 pounds in weight

Mrs. Robinson testified further that the lamps were shipped to Chicago, and subsequently returned to her; that when she unpacked and examined them she found that one of the handles on the lamp was broken, and that the same lamp had a crack in it; that she thereupon made a claim against the defendant by writing to a Mr. Bangs in Chicago and received in return a postal card from the defendant, addressed to her (which was introduced and is postmarked May 18, 1954), acknowledging receipt of the claim in the amount of $156. It was also brought out that she paid Sloan's for the packing and express charges.

On cross-examination it was developed that the lamps were in Chicago for three or four days; that the Robinsons were notified of Mrs. McVittie's refusal to accept the shipment; that Mrs. Robinson ordered the lamps sent back; and that they were returned first to Sloan's, which delivered them to her. The witness identified as one of defendant's exhibits the claim which she had filed with defendant, which was subsequently introduced in defendant's case. Made out on one of the defendant's forms headed "Uniform Blank for Presentation of Loss and Damage Claims", it was executed by "Mrs. Charles G. Robinson."

Plaintiff also introduced the testimony of V. H. McFadin, Sloan's traffic manager, who related that Mrs. Robinson had turned the lamps over to Sloan's for packing and shipment; that they were packed by a man named McKinnis, who had retired in the meantime, and when last he heard was living in the area of Pine Lawn; that he had nothing to do with the packing of the lamps and did not inspect the packing of them by McKinnis; that the packages had been delivered to the defendant, and the bill of lading obtained, showing Sloan's as the shipper; that after the lamps came back from Chicago they were returned to Mrs. Robinson; and that Sloan's had billed plaintiff for the packing and the express charges both ways, amounting to $14.81, which had been paid on May 4, 1954.

Plaintiff did not testify, and closed his case in chief. Thereupon defendant filed a motion for a directed verdict, and, when it was overruled, proceeded to introduce evidence in its behalf. In brief, these consisted of exhibits, which will be referred to where appropriate. The case being closed, the defendant again filed a motion to dismiss, which was likewise overruled, and the case taken under advisement. Subsequently the court found the issues in favor of plaintiff and entered judgment in his favor, and against the defendant, for $156.

In its brief, defendant has raised numerous reasons as to why the judgment should be reversed. Plaintiff has not favored us with a brief, nor did he offer oral argument, so that we must proceed with our determination of the case without the benefit of plaintiff's views.

The uniform express receipt issued by defendant at the time plaintiff's shipment was received provides that "As conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within nine months after delivery of the property * * *." Defendant contends that plaintiff was not entitled to maintain this action because he had not filed a claim with defendant within the time required. Defendant's Exhibit 1, introduced in evidence, is on one of defendant's forms, titled "Uniform Blank for Presentation of Loss and Damage Claims" and was identi-

fied by Mrs. Robinson as the claim which had been filed. It is dated May 10, 1954, bears a receipt stamp of May 13, and its receipt was acknowledged by defendant in a postal card postmarked May 18, 1954. Mrs. Robinson also testified that a representative of the defendant called at their home, after the claim was filed, and examined the damaged lamp, as well as the container in which it had been shipped and packed.

■ Defendant's point is that since the claim was signed by Mrs. Robinson it was not the plaintiff's claim. Even if we were to agree with defendant's argument, plaintiff's cause of action would not necessarily be barred. The record before us does not show the date upon which plaintiff's suit was instituted in the Magistrate Court. If it was filed within nine months after delivery of the shipment, the requirement of the contract as to the giving of notice was satisfied, for the filing of the action is a sufficient compliance with the stipulation for the filing of a claim. Morrow v. Wabash R. Co., Mo.App., 6 S.W.2d 628. See also Greyvan Lines, Inc., v. Nesmith, D.C.Mun.App., 50 A.2d 434; St. Louis-San Francisco R. Co. v. Cole, 174 Ark. 10, 294 S.W. 357; Blaisdell v. American Ry. Express Co., 56 N.D. 870, 220 N.W. 634; Southern Express Co. v. C. L. Ruth & Son, 5 Ala.App. 644, 59 So. 538; Phillips v. Western Union Tel. Co., 95 Tex. 638, 69 S.W. 63; Houston & T.C.R. Co. v. Davis, 50 Tex.Civ.App. 74, 109 S.W. 422.

■ Furthermore, we cannot agree with defendant's contention. As the claim shows, it contained full and complete details as to the names of the consignor and consignee, the articles shipped, the date of the shipment, its weight, the nature of the damage, and the amount claimed. It is true that the claim was signed by Mrs. Robinson, but in the body of the claim the claimant was stated to be "Sloan's Moving and Storage Co. (for) Charles G. Robinson." The purpose of requiring a claim to be filed within the specified time

is to afford the carrier an opportunity to investigate the merits of the claim while the facts are fresh and the information is readily obtainable. R. W. Gess Commission Co. v. Illinois Cent. R. Co., 193 Mo.App. 677, 186 S.W. 1136. The purpose is not to allow the carrier to escape liability, but only to facilitate a prompt investigation. Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948.

■ In 2 Michie on Carriers, Sec. 2016, it is said that a stipulation for the filing of a claim within a specified time "* * * is not to be construed strictly as against the shipper, but liberally in his favor." In accordance with this principle of liberal construction in favor of the plaintiff, the courts have frequently held that where a claim was filed within the specified time, though not by the ultimate plaintiff, the contractual provision had been complied with. Thus claims filed by the consignee have been held sufficient, though the suit was subsequently brought by the consignor. Beltrami Co-op. Creamery Ass'n v. American Ry. Express Co., 160 Minn. 221, 199 N.W. 568; United Mut. Fire Ins. Co. v. Railway Express Agency, Inc., 323 Mass. 354, 82 N.E.2d 215; Delaware, L. & W. R. Co. v. United States, D. C., 123 F.Supp. 579. Other cases make it clear that a claim filed by an agent of the plaintiff will satisfy the requirement. Dillon v. Goldstein, 129 Colo. 233, 268 P.2d 699; Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., D.C., 65 F.Supp. 293. In the instant case it was stated in the claim that it was being made by the plaintiff. Considering their relationship and the attending circumstances, we are of the opinion that Mrs. Robinson was acting as the agent of her husband in the execution and filing of the claim, and that the claim filed was a sufficient compliance with the requirement of the uniform express receipt.

■ The next point raised is that the evidence introduced was not sufficient to

show that plaintiff was the owner of the lamps, and thus entitled to maintain the action. Defendant points to various portions of Mrs. Robinson's testimony in which she stated that "we" purchased the lamps (referring to her husband and herself), and to other portions in which she testified "I" purchased them, and "I" had them packed and shipped by Sloan's. The interchangeable use of such plural and singular nouns by a wife (or a husband, for that matter) in referring to a purchase made for their home is understandable. It is a sufficient answer to defendant's argument to point out that the bill of sale for the lamps named the plaintiff as the purchaser, and that the court therefore had sufficient evidence before it to find, as it did, that the plaintiff was the owner.

■ Defendant also contends that plaintiff was not entitled to recover for the reason that when the consignee, Mrs. McVittie, in Chicago, refused to accept the lamps, the defendant was no longer a common carrier for hire, but only a warehouseman; that as a warehouseman it was liable for damage to the goods in its possession only upon proof of negligence; and that plaintiff neither pleaded negligence, nor proved it. It may be true that when a consignee refuses to accept a shipment from the carrier, and the latter is forced to keep the goods in its possession while awaiting instructions from the consignor, that the legal status of the carrier is that of a warehouseman. It may also be true that in order for a consignor to recover for damages which occur while the goods are in the custody of the carrier as a warehouseman that the plaintiff must prove negligence on the part of the carrier. But the fallacy in defendant's line of argument is in its conclusion that plaintiff neither pleaded negligence nor proved it. Since this case originated in the Magistrate Court, plaintiff was not required under our statute, Section 517.050 RSMo 1949, V.A.M.S., to file a formal pleading, but only a statement of the facts constituting the claim upon which his suit

was founded. The statement filed by plaintiff in this case was sufficient for that purpose. As to the matter of proof, the same evidence which would have made a prima facie case for a breach of the defendant's contractual duty to transport and deliver the lamps would have been sufficient to make a prima facie case against the defendant for a breach of its duty as a warehouseman—that is, that the lamps were in an undamaged condition when delivered by the plaintiff to the defendant, and in a damaged condition when returned by the defendant to the plaintiff. For when such facts are proven, a presumption of negligence arises against the warehouseman from the mere fact of injury, and the burden of going forward with the evidence then shifts to the warehouseman to rebut the inference that the damage occurred as the result of his negligence. Viviano v. Davis, Mo.App., 258 S.W. 69. No countervailing evidence was introduced by the defendant in this case.

■ There is merit in defendant's final assignment, that the evidence wholly fails to show that the damage to the lamps occurred while they were in the possession of the defendant. The most careful search of the record fails to reveal any evidence regarding the condition of the lamps when Sloan's delivered them to defendant, nor any evidence of their condition when defendant returned them to Sloan's. For that matter, the evidence does not even show that the lamps were in an undamaged condition when plaintiff turned them over to Sloan's for packing and shipping. As heretofore stated, in order to recover under either theory, it was incumbent upon the plaintiff to prove that the lamps were in an undamaged condition when delivered to defendant, and in a damaged condition when defendant returned them. 13 C.J.S. Carriers § 254(d) and (f); Peycke Bros. Commission Co. v. Lehigh Valley R. Co., Mo.App., 224 S.W. 71; Cudahy Packing Co. v. Atchison, T. & S. F. R. Co., 193 Mo.App. 572, 187 S.W. 149. In the absence of such evidence

plaintiff failed to sustain his burden of proof.

The Commissioner therefore recommends that the judgment be reversed and that the cause be remanded for a new trial.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and the cause remanded for a new trial.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.